UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARGAN PRECISION CO, LTD,<br><br>Plaintiff,<br><br>v.<br><br>MOTOROLA MOBILITY LLC.,<br><br>Defendant. | Case No. 21-cv-09138-JSW<br><br>**ORDER GRANTING MOTION TO STAY AND DENYING LEAVE TO FILE SUR-REPLY**<br><br>Re: Dkt. Nos. 54, 67 |

Now before the Court for consideration is the motion to stay pending *inter parties* review ("IPR") submitted by Defendant Motorola Mobility LLC ("Motorola" or "Defendant"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds this matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court HEREBY VACATES the hearing scheduled for August 19, 2022. For the following reasons, the Court GRANTS Motorola's motion.

**BACKGROUND**

Plaintiff Largan Precision Co. Ltd. ("Plaintiff" or "Largan") filed this suit against Motorola on November 24, 2021. (Dkt. No. 1.) Largan asserts infringement of U.S. Patent Nos. 8,310,767 ("'767 patent"), 8,514,499 ("'499 patent"), 9,696,519 ("'519 patent"), 9,784,948 ("'948 patent"), 10,209,487 ("'487 patent"), and 10,564,397 ("'397 patent") (collectively, the "Asserted Patents"). Largan filed an amended complaint on February 23, 2022. (Dkt. No. 36.)

Motorola has filed six IPR petitions with the USPTO's Patent Trial and Appeal Board ("PTAB") that challenge seventy-four of the claims from five of the Asserted Patents. Motorola has stipulated that if the IPRs are instituted, it will not pursue in this litigation any ground raised,

or that could have been reasonably raised, in the IPRs.[1]  (Dkt. No. 68.)

At this point in the proceedings, the parties have exchanged infringement and invalidity contentions and served initial discovery requests.  The parties have not engaged in third party discovery, completed written discovery or document production, and have not begun taking witness depositions.  Claim construction discovery is ongoing and claim construction briefing has not yet begun.  The claim construction hearing is scheduled for September 22, 2022, and no post-claim construction deadlines have been set.

The Court will address additional facts as necessary in the analysis.

## ANALYSIS

### A.  Applicable Legal Standard.

"Courts have inherent power to manage their dockets and stay proceedings, including authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citation omitted).  The determination of whether to grant a stay pending the outcome of the USPTO's reexamination is soundly within the Court's discretion.  While courts are "under no obligation to stay proceedings pending parallel litigation in the PTAB, ... judicial efficiency and the desire to avoid inconsistent results may, after a careful consideration of the relevant factors, counsel in favor of a limited stay, even before the PTAB has acted on a petition for IPR." *Delphix Corp. v. Actifio, Inc.*, No. 13-cv-04613-BLF, 2014 WL 6068407, at *2 (N.D. Cal. Nov. 13, 2014).  Indeed, some courts in this district have recognized "a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings." *Pragmatus AV, LLC v. Facebook, Inc.*, No. 11-cv-02168-EJD, 2011 WL 4802958, at*2 (N.D. Cal. Oct. 11, 2011).

When ruling on a request for a stay pending IPR review, courts consider several factors: (1) the stage of the litigation, including whether discovery is or will be almost completed and whether the matter has been marked for trial; (2) whether a stay will unduly prejudice or tactically disadvantage the nonmoving party; and (3) whether a stay will simplify the issues in question and

---

[1] At the time Motorola filed the motion to stay, it had filed five IPR petitions.  It filed its sixth IPR petition on June 29, 2022.  (Dkt. No. 68.)

streamline the trial, thereby reducing the burden of litigation on the parties and on the court. *See, e.g., VirtualAgility, Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1309 (Fed. Cir. 2014) (citing AIA § 18(b)(1)); *In re Cygnus Telecom. Tech., LLC Patent Litig.*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005). The moving party bears the burden of demonstrating that a stay is appropriate. *Netlist, Inc. v. Smart Storage Sys., Inc.*, No. 13-cv-05889-YGR, 2014 WL 4145412, at *1 (N.D. Cal. Aug. 21, 2014).

B.   **The Court Grants the Motion to Stay.**

   1.   **The IPRs may simplify issues.**

In the context of IPR review, a stay may be justified where "the outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were canceled in the reexamination, would eliminate the need to try infringement issues." *Slip Track Sys., Inc. v. Metal Lite, Inc.*, 159 F.3d 1337, 1341 (Fed. Cir. 1998). A stay also may be granted to avoid inconsistent results, obtain guidance from the PTAB, or avoid needless waste of judicial resources. To the extent claims survive the reexamination process, the reexamination would "facilitate trial by providing the Court with expert opinion of the PTO and clarifying the scope of the claims." *Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, 33 U.S.P.Q.2d 2022, 2023 (N.D. Cal. 1995).

Here, Motorola has filed six IPR petitions that challenge seventy-four out of the seventy-five asserted claims from five out of the six Asserted Patents. Thus, the PTAB's decision could be case dispositive of five of the six asserted patents. Even if a decision does not moot those patents entirely, it will clarify, and potentially significantly reduce, the scope of litigation.[2]

Largan advances several arguments why a stay would not simplify the issues here. First, Largan argues that the PTAB has not yet decided whether to institute proceedings. Thus, according to Largan, any argument about whether the IPR process will simplify the issues in this litigation is speculative. It is true that some courts have declined to stay litigation before the

---

[2] The filed IPR petitions could not completely moot this action because one of the asserted claims is not challenged in any of the petitions. However, "[t]he standard is simplification of the district court case, not complete elimination of it by the PTAB." *Finjan*, 139 F. Supp. 3d at 1036.

PTAB has decided to institute review, but this Court has found that "it is not uncommon for [courts] to grant stays pending reexamination prior to the PTO deciding to reexamine the patent." *Oyster Optics, LLC v. Ciena Corp.*, No. 17-cv-05920 JSW, 2018 WL 6972999, at *2 (N.D. Cal. Jan. 29, 2018) (citing *Evolutionary Intelligence, LLC v. Facebook, Inc.*, No. 13-cv-0424-SI, 2014 WL 261837, at *3 (N.D. Cal. Jan. 23, 2014) (internal citations omitted)); *see also Finjan, Inc. v. Symantec Corp.*, 139 F. Supp. 3d 1032, 1037 (N.D. Cal. 2015) ("Were the Court to deny the stay until a decision on the institution is made, the parties and the Court would expend significant resources on issues that could eventually be mooted by the IPR decision."). If the PTAB decides to institute review, its decision on the asserted claims may simplify and clarify the issues to be litigated by the parties. This "weighs heavily in favor of granting the stay." *See, e.g., VirtualAgility*, 759 F.3d at 1314; *cf. Slip Tracks Sys.*, 159 F.3d at 1341 (noting that "the outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were cancelled ..., would eliminate the need to try infringement issues"). Thus, the fact that the PTAB has not yet instituted proceedings does not alone warrant denying the motion to stay.

Largan next argues that the PTAB is unlikely to institute proceedings because Motorola failed to identify all real parties in interest in its IPR petitions as required by 35 U.S.C. section 312(a). Largan asserts that this will prevent the PTAB from instituting proceedings, and thus there will be no simplification of the issues in this matter. Largan contends that Motorola should have identified a third-party supplier, Sunny Optical ("Sunny"), and its corporate parent, Lenovo, as real parties in interest in the IPR petitions.[3] Largan's arguments on this point are not relevant to this Court's determination of whether to stay this matter pending IPR review. Largan can present these arguments to the PTAB during the IPR review process, and if it does, the IPR will decide the issue with a full record. Thus, this argument does not present a basis for denying the motion to stay at this stage.

Largan also argues that neither Sunny nor Lenovo will be estopped by the IPR proceedings because Motorola has not identified them as real parties in interest. The Court finds this argument

---

[3] Motorola contends that it accurately identified itself in its IPR petitions as the sole real party in interest.

unpersuasive. Potential estoppel issues related to non-parties are not relevant to the Court's analysis of whether to stay this action between Largan and Motorola. The cases on which Plaintiff relies do not warrant a different result. For example, in *Coho Licensing LLC v. Glam Media*, the Court granted the stay on the condition that defendants in related cases also agreed to be estopped by IPR proceedings to which they were not parties. No. C 14-01576 JSW, 2014 WL 4681699, at *3 (N.D. Cal. Sept. 17, 2014). Here, in contrast, there are no related cases involving Sunny and Lenovo, and the only defendant seeking a stay—Motorola—would be estopped by the IPR proceedings. (*See* Dkt. No. 68.)

Finally, Largan contends that a stay will not promote settlement efforts because Motorola has not provided discovery relating to its agreements with Sunny and other suppliers. Largan needs this discovery to determine "the full scope of Motorola's infringement" in order to make fully informed settlement decisions. (Opp'n at 6:19.) However, if IPR is instituted, the PTAB will consider issues that may moot the discovery Largan intends to pursue. Thus, it would be inefficient to deny a stay to permit discovery that may end up being entirely irrelevant.

On balance, the Court concludes that the potential simplification of issues weighs in favor of a stay.

**2.     Largan is unlikely to be prejudiced by a stay.**

The undue prejudice factor considers whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party. "In examining the prejudice or tactical advantage factor, courts have looked to the timing of both requests for ... review and requests for stays, the status of the ... proceedings, and the relationship between the parties." *iMTX Strategic, LLC v. Vimeo LLC*, No. 16-cv-592-JSW, 2015 WL 4089911, at *3 (N.D. Cal. July 6, 2015) (addressing motion to stay in context of covered business method review) (citing *Market-Alerts Pty. Ltd. v. Bloomberg Finance L.P.*, 922 F.Supp.2d 486, 494 (D. Del. 2013)). The "'delay inherent in the reexamination process does not constitute, by itself, undue prejudice.'" *ESCO Corp. v. Berkeley Forge & Tool, Inc.,* 2009 U.S. Dist. LEXIS 94017, at *10 (N.D. Cal. Sept. 28, 2009); *accord Telemac Corp. v. Teledigital, Inc.,* 450 F.Supp.2d 1107, 1111 (N.D. Cal. 2006) ("the likely length of reexamination is not, in itself, evidence of undue prejudice").

5

There is no real dispute that the timing of Motorola's IPR petitions and this motion support a stay. Motorola filed its petitions well before the IPR deadline, and it promptly filed this motion to stay thereafter. Thus, the timing subfactors weigh in favor of a stay.

Largan's primary argument for prejudice is that a stay will cause it to lose market share. However, Largan's assertion of harm to its marketplace efforts is significantly undermined by its admission that it does not compete directly with Motorola. *Cf. Asetek Holdings, Inc. v. Cooler Master Co.*, 13-cv-00457-JST, 2014 1350813, at *5 (N.D. Cal. Apr. 3, 2014) (citations omitted) ("Courts recognize that, when the parties are direct competitors, the risk of prejudice is higher to the non-moving party than it would be otherwise."). Moreover, "[i]n evaluating claims that direct competition will result in prejudice from a stay, courts require evidence." *Lighting Sci. Grp. Corp. v. Shenzhen Jiawei Photovoltaic Lighting Co., Ltd.*, No. 16-cv-03886-BLF, 2017 WL 2633131, at *4 (N.D. Cal. June 19, 2017). Largan has not provided concrete evidence supporting the assertion that it will lose market share due to a stay. Additionally, the fact that Largan is willing to license its patents weakens its claim of undue prejudice because it suggests that it could later be made whole by monetary damages. *Id*. at *4.

The Court concludes that the undue prejudice factor favors a stay.

### 3. The litigation is in its early stages.

Courts are more likely to issue stays where discovery has not yet been completed and a trial date has not yet been set. *Asetek Holdings*, 2014 WL 1350813, at *3. An early stay may save the parties and the Court from unnecessarily expending significant resources. A stay later in the proceedings will likely produce less benefit and increase the possibility of prejudice.

Here, the litigation is still at an early stage. Discovery is ongoing. The parties served mandatory disclosures under the Local Patent Rules, answered initial discovery requests, and produced some documents. No depositions have been noticed. Claim construction briefing has not begun, and the claim construction hearing is two months away. No trial date has been set.

Largan does not meaningfully contest that this litigation is in its early stages. Rather, Largan contends that the Court should wait to decide whether to issue a stay until after the uncertainty around the IPR proceedings is resolved. According to Largan, minimal work will

need to be done in this matter between now and the time the PTAB begins to issue institution decisions, so the parties will not incur significant costs absent a stay. This argument conflicts with Largan's representation that it intends to pursue discovery related to Motorola's third-party suppliers if the stay is denied. The parties would certainly expend resources on this discovery, which could be rendered unnecessary by the IPR proceedings. Further, even if the claim construction briefing and hearing are limited in scope as Largan contends, the claim construction process will nevertheless require the parties and Court to expend effort and resources on issues that may be resolved by the PTAB.

Accordingly, the Court finds the stage of the proceedings weighs in favor a stay.

### C. Largan's Alternative Requests are Denied.

In the alternative, Largan requests that the Court defer ruling on the motion to stay until Largan obtains the discovery it needs to determine whether Sunny is a real party in interest. As discussed above, that issue and any related discovery is better addressed by the PTAB.

Largan also requests that the Court except from the stay discovery into Motorola's relationships with its suppliers so that Largan can "identify the full scope of Motorola's infringement." (Opp'n at 11:11-12.) Discovery into non-accused products is only appropriate upon a showing of reasonable belief that additional products actually exist and cannot be discovered with publicly available information. *Mediatek, Inc. v. Freescale Semiconductor, Inc.*, No. 11-5341 YGR (JSC), 2013 WL 588760, at *4 (N.D. Cal. Feb. 13, 2013). Largan makes no such showing here. Largan also suggests that not permitting this discovery threatens irreparable prejudice to Largan because the evidence held by suppliers might be discarded, destroyed, or lost during the pendency of the stay. Largan's claims of spoliation are unfounded and speculative. *Aavid Thermalloy LLC v. Cooler Master Co. Ltd.*, No. 17-cv-05363-JSW, 2019 WL 4009166, at *2 (rejecting unsubstantiated arguments of risk of spoliation as speculative, factually unsupported, and unpersuasive).

### D. The Court Denies Leave to File a Sur-Reply.

On July 21, 2022, after Motorola's motion to stay was fully briefed, Largan moved for leave to file a sur-reply. Largan seeks to file a sur-reply because the Court "might…prefer

7

to…decide the instant motion to stay without a hearing," and it wants to explain "why Motorola's reply arguments do not warrant a stay." (Dkt. No. 67 at 1.) Largan's proposed sur-reply is not permitted by the Local Rules, s*ee* N.D. Civil L.R. 7-3(d), nor has Largan shown good cause for the Court to grant it leave to file a sur-reply. Accordingly, The Court DENIES Largan's motion for leave to file a sur-reply.[4]

## CONCLUSION

For the foregoing reasons, the Court GRANTS Motorola's motion to stay. The parties shall file a joint status report by January 23, 2023, setting forth the status of the various IPR petitions. Finally, this ruling shall not preclude Plaintiff from filing a motion to lift the stay as this case proceeds.

**IT IS SO ORDERED.**

Dated: July 26, 2022

_____
JEFFREY S. WHITE
United States District Judge

---

[4] The Court has reviewed Largan's proposed sur-reply and notes that the arguments presented in the sur-reply would not have altered the Court's conclusion to grant Motorola's motion.