UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARGAN PRECISION CO, LTD, <br><br> Plaintiff, <br><br> v. <br><br> MOTOROLA MOBILITY LLC., <br><br> Defendant. | Case No. 21-cv-09138-JSW <br><br> **ORDER GRANTING MOTION TO LIFT STAY, DISMISSING CERTAIN CLAIMS WITHOUT PREJUDICE, AND SETTING CASE MANAGEMENT CONFERENCE** <br><br> Re: Dkt. No. 74 |

Now before the Court for consideration is the motion to lift the stay in this action filed by Plaintiff Largan Precision Co., Ltd. ("Largan"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds this matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). For the following reasons, the Court GRANTS Largan's motion.

## BACKGROUND

Largan filed this suit against Defendant Motorola Mobility LLC ("Motorola") on November 24, 2021. (Dkt. No. 1.) Largan asserts infringement of U.S. Patent Nos. 8,310,767 ("'767 patent"), 8,514,499 ("'499 patent), 9,696,519 ("'519 patent"), 9,784,948 ("'948 patent"), 10,209,487 ("'487 patent"), and 10,564,397 ("'397 patent") (collectively, the "Asserted Patents"). Largan filed an amended complaint on February 23, 2022. (Dkt. No. 36.) Motorola answered the amended complaint on March 9, 2022. (Dkt. No. 45.)

On June 24, 2022, Motorola moved to stay the case pending its petition to the Patent Trial and Appeal Board ("PTAB") for *inter partes* review ("IPR") of the Asserted Patents. The Court granted Motorola's motion and stayed the case finding that the potential simplification of the issues, the lack of prejudice to Largan from a stay, and the early stage of the litigation weighed in

1    favor of a stay. (*See* Dkt. No. 70.) On January 23, 2023, the parties submitted a status report
2    advising the Court of the status of the IPRs. (Dkt. No. 73.)
3          On April 5, 2023, Largan filed the instant motion to lift the stay. According to Largan,
4    eight of the asserted claims from the '767 patent have survived IPR with no appeal permitted, and
5    one asserted claim of the '948 patent has not been challenged by Motorola. Largan asserts it is
6    willing to narrow its infringement contentions from the currently asserted 75 claims over six
7    patents to the nine claims remaining from the '767 and '948 patents, thereby reducing the total
8    number of asserted claims by 88% and removing from the suit all patents and claims still pending
9    in IPR. On this basis, Largan asks the Court to lift the stay. In the alternative, should the Court
10   deny the motion to lift the stay, Largan requests that the Court lift the stay for the limited purpose
11   of allowing it to conduct discovery regarding the relationship between Motorola and Sunny, a
12   third-party China-based manufacturer and supplier of the accused camera lenses.
13         The Court will address additional facts as necessary in the analysis.

## ANALYSIS

### A.   Applicable Legal Standard.

"Courts have inherent power to manage their dockets and stay proceedings, including authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citation omitted). The determination of whether to grant a stay pending the outcome of an IPR is soundly within the Court's discretion. *Id.* The standard for determining whether an existing stay should remain in place is the same as the standard for determining whether a Court should impose a stay in the first place. *MasterObjects, Inc. v. eBay, Inc.*, No. 16-cv-06824-JSW, 2018 WL 11353751, at *1 (N.D. Cal. Nov. 7, 2018) (citing *Smart Modular Techns., Inc. v. Netlist, Inc.*, No. 12-cv-2319-TLN-EFB, 2016 WL 5159524, at *2 (E.D. Cal. Sept. 21, 2016).

When ruling on a stay, courts consider: (1) the stage of the litigation, including the status of discovery and whether the matter has been set for trial; (2) whether a stay will simplify the issues in question; and (3) whether a stay will unduly prejudice or tactically disadvantage the party opposing the stay. *See VirtualAgility, Inc. v. Salesforce.com*, 758 F.3d 1307, 1309 (Fed. Cir.

2014) (citing AIA § 18(b)(1)); *In re Cygnus Telecom. Tech., LLC Patent Litig.*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005) (citations omitted). A court may also examine the "totality of the circumstances" to determine whether a stay is appropriate. *Netlist, Inc. v. Smart Storage Sys, Inc.*, No. 13-cv-5889-YGR, 2014 WL 4145412, at *1 (N.D. Cal. Aug. 21, 2014) (citation omitted). The proponent of the stay bears the burden of demonstrating that a stay is appropriate. *Id.*

**B.     The Court Grants the Motion to Lift the Stay.**

   **1.     Simplification of issues**

In the context of IPR review, a stay may be justified where "the outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were canceled in the reexamination, would eliminate the need to try infringement issues." *Slip Track Sys., Inc. v. Metal Lite, Inc.*, 159 F.3d 1337, 1341 (Fed. Cir. 1998). A stay also may be granted to avoid inconsistent results, obtain guidance from the PTAB, or avoid needless waste of judicial resources.

To determine whether a continued stay will simplify the issues in questions, the Court must first resolve the parties' dispute over whether Largan may narrow the claims asserted in this action. Largan currently asserts 75 claims over six patents. The IPR petitions related to the '499 patent, '487 patent, '397 patent, '519 patent, and '948 patent are still pending. (*See* Dkt. No. 74, Mot. at 7-8.) The PTAB denied institution of Motorola's IPR petition for claims 16-20 and 22-24 of the '767 patent and Motorola's request for rehearing, and no appeal is possible. (*Id.*) Moreover, although the IPR petition related to the '948 patent is still pending, Motorola never challenged claim 5 of the '948 patent before the PTAB and is now time-barred from doing so.[1] Largan represents it will narrow this case to claims 16-20 and 22-24 of the '767 patent and claim 5 of the '948 patent and withdraw the remaining claims if the stay is lifted.

Motorola does not consent to the dismissal of these claims and contends that Largan cannot unilaterally dismiss these claims without prejudice. Motorola argues these claims should

---

[1] Largan argues, and Motorola does not dispute, that Motorola was required to challenge claim 5 of the '948 patent in an IPR petition within one year of this lawsuit being filed but did not do so. (*See* Mot. at n.3 (citing 35 U.S.C. § 315(b).)

3

be dismissed with prejudice to avoid the possibility of Largan asserting the withdrawn claims in future litigation against Motorola. However, Motorola has not cited case law stating that either its consent or a dismissal with prejudice is required under these circumstances.

The Federal Circuit has explained that "a patentee's announcement that it [i]s no longer pursuing particular claims, coupled with its ceasing to litigate them, [i]s sufficient to remove those claims from the case even without [the formalities of filing a motion or stipulation]." *Alcon Research Ltd. v. Barr Labs., Inc.*, 745 F.3d 1180, 1193 (Fed. Cir. 2014) (citing *SanDisk Corp. v. Kingston Tech. Co.*, 695 F.3d 1348, 1353 (Fed. Cir. 2012)). In the event "an accused infringer has filed a counterclaim, then the patentee has notice that, even if it drops its infringement claims, the issue of infringement remains to be litigated. On the other hand, if the accused infringer does not file a counterclaim, then it is up to the patentee to decide what claims are to be litigated and decided at trial." *Id.* Where, as here, there is no counterclaim, "it is up to the patentee to decide what claims are to be litigated and decided at trial." *Id.* Thus, Largan does not need Motorola's consent to narrow the claims at issue.

The question of whether the dismissal of the claims should be with or without prejudice is left to the Court's discretion. "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms the court considers proper." Fed. R. Civ. P. 41(a)(2). Here, Largan is withdrawing these claims early in the case. This is not a situation where the parties have already expended significant resources litigating these claims in this action. There has been minimal discovery, and no *Markman* hearing has occurred. Under these circumstances, the Court finds dismissal without prejudice is appropriate. *See Alcon*, 745 F.3d at 1193; *SanDisk*, 695 F.3d at 1353 (explaining that a patentee's withdrawal of claims should be treated as dismissal of the claims without prejudice). The Court concludes that the claims for infringements other than claims 16-20 and 22-24 of the '767 patent and claim 5 of the '948 patent are withdrawn from the case, and the Court dismisses those claims without prejudice.

Given the narrowing of the case, a stay no longer promotes the simplification of the issues in question. The IPR proceedings related to the surviving claims of the '767 patent are resolved, and Motorola is time-barred from challenging claim 5 of the '948 patent in an IPR petition. Thus,

4

the concerns that guided the Court's decision to implement the stay—avoiding inconsistent results, obtaining guidance from the PTAB, and avoiding the waste of judicial resources—no longer exist. The Court concludes this factor weighs in favor of lifting the stay.

### 2. Stage of litigation.

Prior to the imposition of the stay, the parties had exchanged infringement and invalidity contentions, completed claim construction briefing, and engaged in some fact discovery. At the time the Court stayed the case, it found the early stage of the proceedings weighed in favor of a stay. Naturally, the case has not progressed while stayed, and thus the status remains unchanged. However, as discussed above, Largan has withdrawn several challenged claims, and the IPR petitions related to the remaining claims are resolved and not subject to any ongoing proceedings. Thus, the fact that the case is in its early stage no longer weighs in favor of a stay where no further simplification of the issues will be gained from prolonging the stay. At this stage, the litigation is ready to proceed on the remaining claims. This factor weighs in favor of lifting the stay.

### 3. Prejudice to party opposing the stay

The undue prejudice factor considers whether a stay would unduly prejudice or present a clear tactical disadvantage to the party opposing the stay—here, Largan. Largan asserts that continuing the stay when it has narrowed the case would cause needless delay and undue prejudice. The Court agrees. Maintaining the stay despite the resolution of the IPR proceedings related to the remaining claims would unnecessarily prolong this litigation and the uncertainty surrounding the patents at issue. *See MasterObjects*, 2018 WL 11353751, at *1. A continued stay at this point would prejudice Largan. This factor weighs in favor of lifting the stay.

//
//
//
//
//
//
//

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Largan's motion and LIFTS the stay. The Court FURTHER ORDERS the parties to appear for a case management conference on August 18, 2023, at 11:00 a.m. The parties shall file a joint case management conference statement by August 11, 2023.

**IT IS SO ORDERED.**

Dated: May 16, 2023

_____
JEFFREY S. WHITE
United States District Judge