UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARGAN PRECISION CO, LTD,<br><br>    Plaintiff,<br><br>v.<br><br>MOTOROLA MOBILITY LLC.,<br><br>    Defendant. | Case No. 21-cv-09138-JSW<br><br>**ORDER DENYING MOTION TO STRIKE EXPERT REPORT OF JAMES SHANLEY, PH.D.**<br><br>Re: Dkt. No. 99 |

Now before the Court for consideration is the motion to strike the expert report of James Shanley, Ph.D., filed by Plaintiff Largan Precision Co., Ltd. ("Largan"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds this matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). For the following reasons, the Court DENIES Largan's motion.

## BACKGROUND

The Court issued a Case Management Order (Dkt. No. 92) setting an October 20, 2023 deadline for the parties to serve their respective expert reports for claim construction in connection with Patent Local Rule 4-3. The Case Management Order further stated:

> No provision of this order may be changed except by written order of this Court upon its own motion or upon motion of one or more parties made pursuant to Civil L.R. 7-1 upon a showing of very good cause. . . . If the modification sought is an extension of a deadline contained herein, the motion must be brought before expiration of that deadline. . . . The parties are advised that if they stipulate to a change in the discovery schedule, they do so at their own risk. The only discovery schedule that the Court will enforce is the one set in this order.

(Dkt. No. 92, at 3.)

On October 20, 2023, Largan served Defendant Motorola Mobility LLC ("Motorola") with the expert report of Dr. Julie Bentley.

1    Motorola served Largan with Dr. Shanley's expert report on October 24, 2023—four days
2    too late. Motorola did not submit a motion to modify the disclosure deadline prior to October 20,
3    2023 (or at all), and it appears to have erroneously believed that Rule 4-3's deadline continued to
4    govern disclosure of the expert reports. Motorola points out that the parties mutually extended the
5    deadline to serve expert reports in 2022 without obtaining Court approval.

6    Motorola's counsel submitted a declaration stating that Motorola has not provided a copy
7    of Dr. Bentley's expert report to Dr. Shanley. (Dkt. No. 102-1, ¶ 6.) Motorola's counsel further
8    declared under penalty of perjury that he offered to provide a redline of changes made to Dr.
9    Shanley's report between October 20 and October 24, that the expert report is less than 10 pages
10   long, and that the parties agree that any deposition of Dr. Shanley would take less than two hours.
11   (*Id.* ¶¶ 8-9.) Finally, Motorola submitted a redlined version of the report. The redline shows no
12   significant changes made during the four days of delinquency. (Dkt. No. 102-5.)

13   Largan now moves to strike Dr. Shanley's report on the basis that it is untimely.
14   Additionally, Largan requests the Court enter a ruling adopting Largan's construction for the
15   "convex/concave . . . surface" term on the basis that Motorola does not propose a competing
16   construction for the term.

## ANALYSIS

18   A district court has discretion to impose sanctions for failure to comply with its scheduling
19   orders. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)
20   (giving "particularly wide latitude to the district court's discretion"). Under Rule 37(c)(1), a party
21   who fails to provide information required by Rule 26(a) or (e) "is not allowed to use that
22   information. . . unless the failure was substantially justified or is harmless." Fed. R. Civ. Proc.
23   37(c)(1). Even so, striking an expert report is an "extreme remedy." *BLK Enters., LLC v. Unix
24   Packaging, Inc.*, No. CV 18-2151-SVW (KS), 2018 WL 5993839, at *3 (C.D. Cal. Oct. 2, 2018).

25   Largan argues that any failure to comply with a scheduling order, no matter how minimal,
26   merits sanctions. It cites *Wong v. Regents of University of California*, 410 F.3d 1052, 1062 (9th
27   Cir. 2005) for the proposition that "[d]isruption to the schedule of the court and other parties . . . is
28   not harmless." Largan points out that other courts have stricken expert reports that were less than

2

one week late.  *See Guangzhou Yucheng Trading Co., Ltd. v. Dbest Prods., Inc.*, 644 F. Supp. 3d 637, 655 (C.D. Cal. 2022).  In particular, Largan contends that Motorola unfairly used Dr. Bentley's report to strengthen Dr. Shanley's report.

Motorola responds that any delay was harmless, and that the parties' course of conduct justified its interpretation of the scheduling order.

The Court agrees that the delay was harmless.  *Wong* and *Dbest* do not aid Largan.  In *Wong*, the plaintiff missed the deadline to disclose expert witnesses by more than two months.  410 F.3d at 1058-59.  In *Dbest*, the defendant waited until after summary judgment motions were filed to serve its rebuttal expert report.  644 F. Supp. 3d at 656.  The defendant's gamesmanship caused the district court to continue all of the summary judgment-related motions by two weeks and threatened to delay the trial schedule.  *Id.*

Here, in contrast, Motorola submitted its report only four days late.  No major case deadlines elapsed during that time.  Moreover, Dr. Shanley's report is short.  Largan needs only a few hours to depose Dr. Shanley, which it has arranged to do prior to close of claim construction discovery.  Because Largan has sufficient opportunity to rebut Dr. Shanley's report, it has failed to show prejudice.  The Court will not resort to the extreme remedy of striking Dr. Shanley's report over four days and a handful of immaterial edits.

The Court cautions that prior course of conduct does not alter scheduling orders.  *Dbest*, 644 F. Supp. 3d at 656.  The Case Management Order superseded Local Patent Rule 4-3 for the deadline to exchange expert reports.  The parties should adhere to this Court's orders moving forward.

**CONCLUSION**

For the foregoing reasons, Largan's Motion to Strike is DENIED.

**IT IS SO ORDERED.**

Dated: November 17, 2023

_____
JEFFREY S. WHITE
United States District Judge