UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARGAN PRECISION CO, LTD,<br><br>Plaintiff,<br><br>v.<br><br>MOTOROLA MOBILITY LLC.,<br><br>Defendant. | Case No. 21-cv-09138-JSW (DMR)<br><br>**ORDER ON JOINT DISCOVERY LETTER**<br><br>Re: Dkt. No. 120 |

The parties filed a joint discovery letter in this patent infringement action in which Plaintiff Largan Precision Co., Ltd. ("Largan") moves to compel Defendant Motorola Mobility LLC ("Motorola") to produce documents responsive to requests for production ("RFPs"). [Docket No. 120.] This matter is suitable for determination without oral argument. Civ. L.R. 7-1(b). For the following reasons, the motion to compel is granted.

**I.   BACKGROUND**

Largan moves to compel Motorola to produce additional documents in response to 14 RFPs.[1] Motorola objects that it has produced all non-privileged responsive documents in its possession, custody, or control, and that any additional responsive documents are "in the hands of" third-party suppliers located overseas and "outside of Motorola's legal control." Jt. Letter 4. Largan responds that the contractual relationships between the overseas suppliers and Motorola and/or its parent company, Lenovo, establish that Motorola has control over the responsive documents. The sole dispute between the parties is whether Motorola has control over third-party documents and should be compelled to produce them; the parties do not dispute the relevance of the requested documents or their discoverability.

---

[1] The disputed RFPs are Nos. 4, 9, 16-19, 22, 34, 35, 38-40, 42, and 43. Jt. Letter 1.

## II. DISCUSSION

Under Federal Rule of Civil Procedure 34, a party may serve on another party a request to produce documents, electronically stored information, and tangible things within the responding party's possession, custody, or control. Fed. R. Civ. P. 34(a)(1). A party must serve responses and objections to RFPs within 30 days of service of the discovery. Fed. R. Civ. P. 34(b)(2). Rule 34 requires a party to produce or permit inspection of documents responsive to a request for production when such documents are in the party's "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). The party seeking the documents bears the burden of demonstrating that the responding party exercises such control. *United States v. Int'l Union of Petroleum & Indus. Workers,* 870 F.2d 1450, 1452 (9th Cir. 1989). In the Ninth Circuit, a "practical ability to obtain the requested documents" from a related organization is not enough to constitute control because the related organization "could legally–and without breaching any contract–[ ] refuse to turn over such documents." *In re Citric Acid Litig*., 191 F.3d at 1107-08. Instead, "control" is defined as "the legal right to obtain documents upon demand." *Id.*

The parties submitted six contracts between Motorola or Lenovo and five third-party suppliers.[2] Five of the six contracts contain a provision that Motorola, Lenovo, or a Motorola/Lenovo designated auditor "may inspect Supplier's facilities, equipment, materials, books and records that pertain to this Agreement and may audit for compliance with this Agreement during the term of this Agreement and 3 years thereafter." *See* Exs. H at § 21.2; I at § 21.2; K at § 21.3; L at § 21.3; M at § 21.3. The sixth contract contains a similar provision: "Motorola may inspect Supplier's facilities, equipment, materials, records, and the Products that pertain to this Agreement, and may audit for compliance with this Agreement. Upon expiration or termination of this Agreement, at Motorola's request, Supplier will transfer all records that pertain to this Agreement to Motorola . . ." Ex. J at § 20.5.

These contract provisions establish that documents that "pertain to" Motorola and Lenovo's agreements with their third-party suppliers are under the control of Motorola and

---

[2] Motorola does not argue that the outcome should be different if the supplier contracted with Motorola as opposed to its parent company, Lenovo.

1    Lenovo, since they have "the legal right to obtain documents upon demand."  *See In re Citric*
2    *Acid.*, 191 F.3d at 1107.  Specifically, the provisions require the third-party suppliers to allow
3    Motorola and Lenovo to inspect "records" without limitation during the terms of the agreements.
4    *See, e.g., Lofton v. Verizon Wireless (VAW) LLC*, No. 13-cv-05665-YGR (JSC), 2014 WL
5    10965261, at *1-2 (N.D. Cal. Nov. 25, 2014) (holding that audit provisions in contracts between
6    defendant and third-party vendors that gave defendant "the right, at all times, to examine and audit
7    records" without restriction gave defendant "control" over the vendors' records); *Doe v. AT&T*
8    *Western Disability Benefits Program*, No. C-11-4603 DMR, 2012 WL 1669882, at *4-5 (N.D.
9    Cal. May 14, 2012) (contract provision securing the defendant's right to access third parties'
10   records to perform inspections or audits placed "documents and data, and the information within
11   them, within Defendant's control.")
12        Motorola contends that the contractual provisions discussed above "permit Motorola to
13   inspect only certain documents under limited circumstances," specifically, "audit[s] for
14   compliance."  Jt. Letter 4-5.  According to Motorola, "Largan's discovery requests are not an
15   'audit for compliance.'"  *Id*. at 5.  As a result, it argues, it "has no contractual mechanism to
16   require its non-party suppliers to produce" information responsive to Largan's RFPs.  *Id*.  This
17   argument is not persuasive because the provisions in question do not condition Motorola and
18   Lenovo's access to the suppliers' records and other items on the performance of an audit; rather,
19   they state that Motorola/Lenovo "may inspect" records "that pertain to" the agreements *and* "may
20   audit for compliance."  Motorola also argues that the audit provisions are limited in time, e.g.,
21   "upon expiration or termination of this Agreement," see Ex. J, but it does not dispute that each of
22   the six agreements are currently still in effect such that the obligations set forth therein still apply.
23   The cases cited by Motorola are not helpful here because they either do not involve disputes over
24   contractual provisions that purportedly gave a party control over a third-party's documents or do
25   not identify and analyze relevant contractual language.  *See* Jt. Letter 5 (citing *Driscoll's, Inc. v.*
26   *California Berry Cultivars, LLC*, No. 2:19-CV-00493- TLN-CKD, 2022 WL 3348019, at *4 (E.D.
27   Cal. Aug. 12, 2022) ("Plaintiffs do not address the legal control test and fail to demonstrate how
28   CBC or Dr. Shaw have a 'legal right to obtain' from any of the mentioned third parties

1  'documents upon demand.' Plaintiffs do not argue that the various service contracts contain any such provision"); *MGI Digital Tech. S.A. v. Duplo U.S.A.*, No. 822CV00979DOCKESX, 2023 WL 6814842, at *4 (C.D. Cal. Aug. 24, 2023) ("the terms of the contract do not give Duplo USA the right to obtain from Duplo Japan the requested documents."); *Albornoz v. Wal-Mart Assocs., Inc.*, No. 1:22-CV-01229-JLT-CDB, 2023 WL 4686292, at *1 (E.D. Cal. July 21, 2023) ("the Court has reviewed the contracts/agreements submitted ex parte by Defendants for *in camera* inspection and concludes those contracts/agreements do not provide Defendants a legal right to access Sedgwick's videos.")).

The court concludes that Largan has met its burden of demonstrating that Motorola has control over documents "pertain[ing] to" the agreements between Motorola/Lenovo and the five third-party suppliers that are in the suppliers' possession or custody. Accordingly, Largan's motion to compel is granted. Motorola shall produce all responsive documents within 21 days of the date of this order.

### III.  CONCLUSION

For the foregoing reasons, Largan's motion to compel is granted.

**IT IS SO ORDERED.**

Dated: July 22, 2024



Donna M. Ryu
Chief Magistrate Judge

4