UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARGAN PRECISION CO, LTD,<br><br>Plaintiff,<br><br>v.<br><br>MOTOROLA MOBILITY LLC.,<br><br>Defendant. | Case No. 21-cv-09138-JSW (DMR)<br><br>**ORDER ON JOINT DISCOVERY LETTER RE: ISSUANCE OF LETTERS ROGATORY**<br><br>Re: Dkt. No. 136 |

In this patent infringement case, the parties filed a joint discovery letter in which Defendant Motorola Mobility LLC ("Motorola") moves for the issuance of letters rogatory to obtain documents from its overseas third-party suppliers. Plaintiff Largan Precision Co., Ltd. ("Largan") opposes the request. [Docket No. 136 (Jt. Letter).] This matter is suitable for resolution without oral argument. Civ. L.R. 7-1(b). For the following reasons, Motorola's motion is granted.

**I.  BACKGROUND**

In May 2024, the parties filed a joint discovery letter in which Largan moved to compel Motorola to produce additional documents in response to various requests for production ("RFPs"). [Docket No. 120 (Mot. to Compel).] Motorola argued that it had produced all non-privileged responsive documents in its possession, custody, or control and that any additional responsive documents were in the possession of five of its third-party suppliers in China and "outside of [its] legal control." *Id*. at 4. While the joint discovery letter was pending, Motorola filed a standalone motion for issuance of letters rogatory to obtain documents from four of the five suppliers at issue in the May 2024 joint discovery letter, plus one additional China-based supplier. [Docket No. 125.] Largan filed an opposition to the motion for issuance of letters rogatory and the Honorable Jeffrey S. White referred the motion to the undersigned. [Docket Nos. 127, 129.]

1    The court granted Largan's motion to compel on July 22, 2024. [Docket No. 130 (July 22, 2024 Order).] The court examined inspection and audit provisions in contracts between the suppliers and Motorola and/or its parent company, Lenovo, and concluded that they gave Motorola "the legal right to obtain documents upon demand." Accordingly, it held that responsive third-party documents pertaining to the contracts "are under the control of Motorola and Lenovo" and ordered Motorola to produce all responsive documents by August 12, 2024. *Id*. at 2-3, 4 (quoting *In re Citric Acid Litig*., 191 F.3d 1090, 1107 (9th Cir. 1999)).

The parties subsequently filed two stipulations to extend the August 12, 2024 production deadline. Pursuant to the second stipulation, Motorola had until September 5, 2024 to complete its production. [Docket Nos. 139, 145.]

Shortly after granting Largan's motion to compel, the court denied the motion for issuance of letters rogatory without prejudice. The court ordered the parties to immediately meet and confer and to file a joint discovery letter if disputes remained after meeting and conferring. [Docket No. 132.] The parties filed the instant joint letter on August 5, 2024 in which Motorola seeks issuance of letters rogatory to the following entities headquartered in China: ZheJiang Sunny Opticals Co., Ltd. ("Sunny"); AAC Acoustic Technologies (Shenzhen) Co., Ltd. ("AAC Acoustic"); Chongqing TS-Precision Technology Co., LTD. ("Chongqing"); Kunshan Q Technology Limited ("Kunshan"); and O-Film Group Co. Ltd. ("O-Film"). Jt. Letter 1. Four of the five suppliers are the same entities that were at issue in Largan's motion to compel; the fifth, AAC Acoustic, was not part of that motion. Motorola argues that the five suppliers "possess discoverable information related to the accused camera lens assembly products and other relevant documents." *Id*.

## II.    LEGAL STANDARD

A letter rogatory is "a formal request from a court in which an action is pending, to a foreign court to perform some judicial act," such as a "request[ ] for the taking of evidence" or the service of a subpoena. 22 C.F.R. § 92.54; *see also Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 n.1 (2004) (defining "letter rogatory" as "the request by a domestic court to a foreign court to take evidence from a certain witness"). Federal Rule of Civil Procedure 28(b)

2

1  provides that a deposition may be taken in a foreign country "under a letter of request, whether or
2  not captioned a 'letter rogatory'[.]" Fed. R. Civ. P. 28(b)(1)(B).  A letter rogatory may also
3  include requests for documents.  *See United States v. Reagan,* 453 F.2d 165, 168 (6th Cir. 1971)
4  (affirming district court's issuance of letters rogatory seeking documents from investigation
5  conducted by German authorities).

6        "A court is inherently vested with the authority to issue letters rogatory." *Asis Internet*
7  *Servs. v. Optin Global, Inc.*, No. 05-cv-5124 JCS, 2007 WL 1880369, at *3 (N.D. Cal. June 29,
8  2007) (citing *United States v. Staples*, 256 F.2d 290, 292 (9th Cir. 1958) and *Reagan*, 453 F.2d at
9  172); *see also* 28 U.S.C. § 1781(a)(2) (providing the State Department with the power "to receive
10 a letter rogatory issued, or request made, by a tribunal in the United States, to transmit it to the
11 foreign or international tribunal, officer, or agency to whom it is addressed, and to receive and
12 return it after execution.").  Whether to issue such a letter is a matter of discretion. *Asis*, 2007 WL
13 1880369, at *3 (citation omitted).  "When determining whether to exercise its discretion, a court
14 will generally not weigh the evidence sought from the discovery request nor will it attempt to
15 predict whether that evidence will actually be obtained." *Id*. (citations omitted).  "Ultimately, a
16 court's decision whether to issue a letter rogatory requires an application of Rule 28(b) in light of
17 the scope of discovery provided for by the Federal Rules of Civil Procedure." *Id.* (collecting
18 cases).  Under Rule 26(b), "[parties may obtain discovery regarding any nonprivileged matter that
19 is relevant to any party's claim or defense and proportional to the needs of the case . . ." Fed. R.
20 Civ. P. 26(b)(1).  "Information within this scope of discovery need not be admissible in evidence
21 to be discoverable." *Id.*  "Relevancy, for the purposes of discovery, is defined broadly, although it
22 is not without ultimate and necessary boundaries." *Gonzales v. Google, Inc.*, 234 F.R.D. 674,
23 679-80 (N.D. Cal. 2006).

24 **III. DISCUSSION**

25       Motorola seeks issuance of letters rogatory to request six categories of documents from
26 Sunny; four categories of documents from AAC; and two categories of documents each from
27 Chongqing, Kunshan, and O-Film.  [Docket No. 125-2 (Exs. A-E to Proposed Letters of
28 Request).]  It contends that the letters rogatory seek "different documents from different entities

3

than those at issue in the [July 22, 2024] Order," and that even if there is some overlap, this is not a proper basis to deny the motion. Jt. Letter 2-3 (citing *Fleites v. MindGeek S.A.R.L.*, No. 2:21-04920 CJC (ADSx), 2022 WL 18397365, at *2 (C.D. Cal. Nov. 17, 2022) (granting motion for issuance of letters rogatory and rejecting argument that information sought from foreign entities could be obtained directly from the defendants)).

Largan does not dispute that the documents sought by the proposed letters rogatory are relevant and discoverable. Instead, it argues that the court should deny Motorola's motion "because the request is unnecessary, duplicative, and, ultimately, constitutes nothing more than an attempt by Motorola" to shirk or delay its production obligations under the July 22, 2024 Order. *Id*. at 4. Largan disputes the necessity of using letters rogatory to obtain documents from Motorola's suppliers, arguing that Motorola has not shown that "using the method of letters rogatory will secure production of the documents more quickly or completely than demanding the documents" by exercising its contractual rights, as the court ordered with respect to Sunny, Chongqing, Kunshan, and O-Film. *Id*. As to AAC, which was not part of the July 22, 2024 Order, Largan argues that Motorola "has access to documents pertaining to AAC through Motorola's other contractual suppliers." *Id*. at 5. Largan also argues that prior to filing the joint letter, Motorola requested an extension of the court-ordered deadline to produce documents from its suppliers and contends that "[t]his evidence's Motorola's purposeful delay in reaching out to its suppliers, hindering Largan's ability to obtain relevant documents to buttress its case." *Id*.

As noted, the court granted the parties' stipulations to extend the deadline to comply with the July 22, 2024 Order and Motorola's production of documents from Sunny, Chongqing, Kunshan, and O-Film was due by September 5, 2024. That deadline has now passed, and no issue with respect to Motorola's production of the court-ordered documents has been brought to the court's attention. Thus, to the extent that Largan opposes the motion based on delay in or avoidance of complying with the July 22, 2024 Order, those concerns no longer appear to be at issue. As to Largan's objection that the requests are duplicative, it does not dispute that AAC was not part of the July 22, 2024 Order and does not explain the basis for its argument that Motorola may obtain AAC's documents from other third parties. Moreover, neither party addresses each

4

1 specific request in the proposed letters rogatory and explains the extent of overlap, if any, with
2 Largan's prior requests. As a result, the court is unable to evaluate Largan's objection that the
3 letters rogatory are unnecessary and duplicative.
4       As the relevance of the documents requested in the proposed letters rogatory is undisputed,
5 the court grants Motorola's motion. The granting of this motion should not be construed as a
6 finding that letters rogatory are the best or only way for Motorola to obtain and produce
7 documents from its overseas suppliers in this litigation. In other words, this order does not impact
8 any of Motorola's obligations under the earlier order. The court views this as a belt and
9 suspenders measure by Motorola as well as a way to obtain information that was not covered by
10 the earlier order.

## IV.   CONCLUSION

For the foregoing reasons, Motorola's motion for issuance of letters rogatory is granted. By no later than September 19, 2024 Motorola shall file the proposed letters rogatory for the court's approval.

**IT IS SO ORDERED.**

Dated: September 16, 2024



Judge Donna M. Ryu
Chief Magistrate Judge