UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARGAN PRECISION CO, LTD,<br><br>Plaintiff,<br><br>v.<br><br>MOTOROLA MOBILITY LLC.,<br><br>Defendant. | Case No. 21-cv-09138-JSW (DMR)<br><br>**ORDER DENYING DISCOVERY MOTION WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 159 |

The parties filed a joint discovery letter in which Defendant Motorola Mobility LLC ("Motorola") moves to compel Plaintiff Largan Precision Co., Ltd. ("Largan") to produce its Federal Rule of Civil Procedure 30(b)(6) witnesses for deposition in or near San Francisco. The parties also dispute whether Motorola should be permitted to depose Largan's CEO Adam Lin. Largan contends that Lin is subject to protection under the apex doctrine. [Docket No. 159.]

With respect to the depositions of the Rule 30(b)(6) witnesses, it appears that the parties have not completed meeting and conferring on the number and scope of Motorola's 30(b)(6) topics, and Largan contends that because of the outstanding disputes, it has not yet determined who its 30(b)(6) designee(s) will be. Accordingly, the parties' dispute about the location of the depositions of the 30(b)(6) witnesses is premature. To overcome the presumption that a plaintiff's deposition shall take place in the district in which plaintiff filed suit, the "plaintiff has the burden of proving that undue hardship or exceptional or compelling circumstances justify [their] refusal to travel to [their] chosen forum." *Mullins v. Premier Nutrition Corp*, No. C-13-01271-RS (DMR), 2014 WL 4058484, at *1 (N.D. Cal. Aug. 15, 2014). In the absence of information about the specific 30(b)(6) deponents, the court cannot evaluate the existence of "undue hardship or exceptional or compelling circumstances" with respect to the witnesses and the locations of their

depositions.  Accordingly, this portion of the joint letter is denied without prejudice.  The parties shall promptly complete their meet and confer about the scope of the 30(b)(6) deposition and discuss the location(s) of the deposition(s) after Largan designates an individual(s) to testify on its behalf.  If disputes remain after meeting and conferring, the parties shall submit a joint letter in accordance with the court's Standing Order.  The parties may not incorporate by reference any prior submission.

With respect to Lin's deposition, the parties did not adequately brief their dispute.  While the party seeking to avoid an apex deposition bears the burden of showing good cause for why the deposition should not be allowed, *In re Transpacific Passenger Air Transp. Antitrust Litig.*, No. 07-cv-05634-CRB (DMR), 2014 WL 939287, at *2 (N.D. Cal. Mar. 6, 2014), the court has discretion to limit discovery "where the discovery sought can be obtained from some other source that is more convenient, less burdensome, or less expensive." *Apple Inc. v. Samsung Elecs. Co., Ltd*, 282 F.R.D. 259, 263 (N.D. Cal. 2012) (internal quotation marks and citation omitted).  Courts consider two factors when determining whether to permit an apex deposition: first, courts have granted depositions of high-ranking executives when they possess first-hand knowledge of "important, relevant, and material facts." *First United Methodist Church of San Jose v. Atl. Mut. Ins. Co.*, No. 95-cv-2243-DLJ, 1995 WL 566026, at *2 (N.D. Cal. Sept. 19, 1995) (citation omitted).  Second, courts consider whether the party seeking the apex deposition has obtained the information sought through other discovery or less intrusive means.  *See In re Transpacific Passenger*, 2014 WL 939287, at *5.  "If it appears unlikely that [the apex witness] has percipient knowledge of material facts, or if there are other witnesses who could testify to those facts from a similar vantage point, there is more reason to question whether the deposition is being sought for abusive rather than appropriate fact-finding purposes." *Id.* at *3.  Here, the parties did not adequately address whether Lin has first-hand knowledge of "important, relevant, and material facts" or whether other discovery or less intrusive means exist to obtain the information Motorola seeks from Lin.  This portion of the joint letter is denied without prejudice.  The parties shall immediately meet and confer regarding Lin's deposition considering the legal standard applicable to apex depositions.  If disputes remain after meeting and conferring, the parties shall file a

1  standalone joint letter regarding Lin's deposition in accordance with the court's Standing Order.
2  The parties may not incorporate by reference any prior submission.

**IT IS SO ORDERED.**

Dated: November 14, 2024



_____
Donna M. Ryu
Chief Magistrate Judge

3