1

2

3

4                          UNITED STATES DISTRICT COURT

5                          NORTHERN DISTRICT OF CALIFORNIA

6

7    LARGAN PRECISION CO, LTD,                  Case No. 21-cv-09138-JSW (DMR)

8                    Plaintiff,

9            v.                                 **ORDER RE: DISCOVERY DISPUTE**

10   MOTOROLA MOBILITY LLC.,                    Re: Dkt. No. 192

11                   Defendant.

12          On February 26, 2025, Plaintiff Largan Precision Co., LTD ("Largan") and Defendant

13   Motorola Mobility LLC ("Motorola") filed a joint discovery letter in which Motorola seeks to

14   prohibit Largan from (1) asserting conception and reduction to practice dates earlier than those

15   identified in Largan's infringement contentions; (2) relying on evidence that was not specified in

16   Largan's Patent Local Rule 3-2(b) required disclosures; and (3) relying on certain files that were

17   first made available for inspection on the last day of fact discovery.  This matter is suitable for

18   resolution without a hearing.  Civ. L.R. 7-1(b).  For the following reasons, Motorola's motion is

19   granted.

20   I.     **BACKGROUND**

21          This is a patent case in which Largan seeks damages for Motorola's alleged infringement

22   of its patented optical lens assemblies in the United States.  [Docket No. 36 ¶ 1.]  Largan asserts

23   infringement of claims 16-20 and 22-24 of U.S. Patent No. 8,310,767 ("the '767 Patent") and

24   claim 5 of U.S. Patent No. 9,784,948 ("the '948 Patent").  [*See* Docket No. 119, Claim

25   Construction Order, at 1-2.]  Motorola contests the validity of Largan's patents.

26          On March 11, 2022, pursuant to Patent Local Rule 3-1, Largan provided its Disclosure of

27   Asserted Claims and Infringement Contentions identifying a priority date of "no later than January

28   27, 2011" for the '767 Patent and a priority date of "no later than July 14, 2009" for the '948

United States District Court
Northern District of California

Patent.[1] [JDL at 1, 2.] On July 7, 2023, Largan served Amended Infringement Contentions, which adopted the same priority date language that Largan had used in its original infringement contentions. [Id. at 2.] On September 26, 2024, Motorola requested confirmation that Largan would rely only on its previously disclosed priority dates.[2] [Id. at 1.] On January 21, 2025, Largan served its First Supplemental Response to Motorola's Interrogatory No. 1, identifying earlier dates of reduction to practice of the embodiments of the two patents: no later than December 10, 2010 for the '767 Patent, and no later than March 21, 2009 for the '948 Patent. [Id. at 1, 4.]

On February 12, 2025, Largan's 30(b)(6) witness testified that, in preparing for his deposition, he relied on conception documents for the '767 Patent that Largan had not produced; Largan then produced the documents the day after the deposition. On February 19, 2025, after Motorola's depositions of Largan's witnesses, Largan informed Motorola that on February 20th it would make available for inspection SEQ design files for certain model numbers identified as practicing the Asserted Patents. Fact discovery closed on February 20, 2025.

## II.    LEGAL STANDARD

The Patent Local Rules for the Northern District of California require parties to define their theories of patent infringement and invalidity early on in the course of litigation. *See O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1359 (Fed. Cir. 2006); *Nova Measuring*

---

[1] "A priority date refers to the date of the earliest filed patent application." *OpenTV, Inc. v. Apple Inc.*, No. 15-cv-02008-EJD (NC), 2016 WL 3196643, at *2 (N.D. Cal. June 9, 2016) (citing 35 U.S.C. § 119). "Generally, a patent is awarded to the first party to reduce an invention to practice, unless the other party can show that it was the first to conceive an invention and that it exercised reasonable diligence in later reducing the invention to practice." *Id.* (quoting *Mahurkar v. C.R. Bard, Inc.*, 79 F.3d 1572, 1577 (Fed. Cir. 1996)).

[2] In the same correspondence, Motorola asserted that Largan's priority date disclosure did not comply with Patent Local Rule 3-1(f) because of the use of "no later than" phrasing. Courts in this district have frowned on use of "no later than" as an improper effort to preserve open-ended priority date ranges. *See Collaborative Agreements, LLC v. Adobe Sys. Inc.*, 15-cv-03853-EMC, 2016 WL 1461487, at *3, n.1 (N.D. Cal. Apr. 14, 2016) (discussing cases striking the phase "no later than" from priority dates); *see also, e.g.*, *Plexxikon Inc. v. Novartis Pharms. Corp.*, No. 17-cv-04405-HSG, 2020 WL 1820733, at *3 (N.D. Cal. Apr. 10, 2020) (noting that the Patent Local Rules "plainly require Plaintiff to identify specific dates" rather than "simply a range of dates" (citation omitted)).

United States District Court
Northern District of California

*Instrs. Ltd. v. Nanometrics, Inc.*, 417 F. Supp. 2d 1121, 1123 (N.D. Cal. 2006). "[T]he spirit of the patent local rules is to ensure early crystallization of the parties' theories, and specifically, to place the burden on the plaintiff to quickly decide on and disclose the contours of its case." *OpenTV*, 2016 WL 3196643, at *3 (citations omitted).

Pursuant to Patent Local Rule 3-1, a Disclosure of Asserted Claims and Infringement Contentions must contain, among other things: "[f]or any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled[.]" Patent L.R. 3-1(f). The Patent Local Rules permit parties to amend their infringement and invalidity contentions "only by order of the Court upon a timely showing of good cause." *See* Patent L.R. 3-6. By requiring a showing of good cause, "Local Rule 3-6 serves to balance the parties' rights to develop new information in discovery along with the need for certainty in legal theories at the start of the case." *OpenDNS, Inc. v. Select Notifications Media, LLC*, No. 11-cv-05101 EJD (HRL), 2013 WL 2422623, at *2 (N.D. Cal. June 3, 2013) (citing *O2 Micro*, 467 F.3d at 1366). The Patent Local Rules also specifically acknowledge the possibility that a party may need to supplement infringement contentions with information found during discovery. *See* Patent L.R. 3-6 ("Non-exhaustive examples of circumstances that may . . . support a finding of good cause include: (a) A claim construction order by the Court different from that proposed by the party seeking amendment; (b) Recent discovery of material, prior art despite earlier diligent search; and (c) Recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions."). The party moving to amend its contentions bears the burden of establishing diligence. *See O2 Micro*, 467 F.3d at 1366 (citation omitted).

"[T]he diligence required for a showing of good cause has two phases: (1) diligence in discovering the basis for amendment; and (2) diligence in seeking amendment once the basis for amendment has been discovered." *Positive Techs., Inc. v. Sony Elecs., Inc.*, No. 11-cv-2226 SI, 2013 WL 322556, at *2 (N.D. Cal. Jan. 28, 2013) (citation omitted). "The good cause requirement does not require perfect diligence. Although hindsight is often '20/20,' identifying and evaluating prior art can be difficult, and new information learned in discovery can lead a party

1    to understandably reevaluate evidence found earlier." *Fujifilm Corp. v. Motorola Mobility LLC*,

2    No. 12-cv-03587-WHO, 2014 WL 491745, at *4 (N.D. Cal. Feb. 5, 2014).

3        "[E]ven if the moving party establishes diligence, the Court should then consider prejudice

4    to the non-moving party in determining whether leave to amend should be granted." *InfoGation*

5    *Corp. v. ZTE Corp.*, No. 16-cv-01901-H-JLB, 2017 WL 11420583, at *2 (S.D. Cal. June 7, 2017)

6    (citing *O2 Micro*, 467 F.3d at 1368; *CBS Interactive, Inc. v. Etilize, Inc.*, 257 F.R.D. 195, 201

7    (N.D. Cal. 2009)).  Where the moving party is unable to show diligence, there is "no need to

8    consider the question of prejudice," *O2 Micro*, 467 F.3d at 1368, "although the court in its

9    discretion may elect to do so," *Symantec Corp. v. Acronis Corp.*, No. 11-cv-05310 EMC (JSC),

10   2013 WL 5368053, at *3 (N.D. Cal. Sept. 25, 2013) (citing *O2 Micro*, 467 F.3d at 1368).

11       District courts have "wide discretion in enforcing the Patent Local Rules." *Finjan, Inc. v.*

12   *Proofpoint, Inc.*, No. 13-cv-05808-HSG, 2015 WL 9460295, at *1 (N.D. Cal. Dec. 23, 2015)

13   (citing *SanDisk Corp. v. Memorex Prods., Inc.*, 415 F.3d 1278, 1292 (Fed. Cir. 2005)).

14   **III.    DISCUSSION**

15       **A.    Largan's Recent Assertion of Earlier Priority Dates**

16       Motorola argues that Largan's January 21, 2025 supplemental interrogatory response

17   improperly seeks to change its priority date contentions for both patents.  [JDL at 1-2.]  Largan

18   responds that it received Motorola's September 26, 2024 correspondence asking it to confirm the

19   priority dates in its infringement contentions and was diligent in "promptly investigating and

20   providing a supplemental interrogatory response."  [*Id.* at 4.]  Largan adds that Motorola cannot

21   show prejudice where Largan updated its priority dates "by a couple months."  [*Id.*]  Motorola also

22   asserts that Largan "refuses" to further amend its Amended Infringement Contentions.  [JDL at 2.]

23   Largan does not respond on this point, which Motorola suggests is because any attempt at

24   amendment would be futile.  [*See id.*]  Substantively, Largan's supplemental interrogatory

25   response is an attempt to amend its infringement contentions, and the court construes it as such.

26       "In considering the party's diligence [in amending its infringement contentions], the

27   critical question is whether the party could have discovered the new information earlier had it

28   acted with the requisite diligence." *Collaborative Agreements*, 2016 WL 1461487, at *4 (citation

United States District Court
Northern District of California

1   omitted).  Largan served its supplemental interrogatory response almost three years after its March

2   2022 Infringement Contentions.[3]  Largan does not explain why it could not have ascertained the

3   new priority dates at an earlier point.  Instead, it asserts in conclusory fashion that it was diligent

4   because it "promptly" investigated and then supplemented its interrogatory response with the

5   earlier dates.  This is disingenuous.  Largan tags its "prompt" action as running from Motorola's

6   request for confirmation, which Motorola was not required to provide.  Largan fails to explain

7   how it acted diligently in the context of its duty to develop its own case.  It makes no effort to

8   describe the investigatory actions it took during the nearly three-year period between its disclosure

9   of priority dates and its attempt to change those dates by serving supplemental interrogatory

10  responses one month before the close of discovery.  *Cf. InfoGation*, 2017 WL 11420583, at *3

11  (noting that plaintiff was "at least marginally diligent" where it had set forth "the chain of events

12  that led to its discovery of a document . . . that would potentially support an earlier invention

13  date").  The court accordingly finds that Largan has failed to establish diligence.

14          Largan argues that, even if its efforts were not diligent, the court "retains discretion to

15  allow Largan to provide a more accurate priority date because Motorola has not been prejudiced

16  by Largan's disclosure."  [JDL at 4 (citing *InfoGation*, 2017 WL 11420583, at *2).]  Largan's

17  indisputable lack of diligence ends the analysis.  Even if the court were to overlook this fatal flaw,

18  it is clear Motorola would be prejudiced by Largan's assertion of earlier priority dates one month

19  before the close of fact discovery and nearly three years after Largan first served its infringement

20  contentions.

21          Motorola seeks the same relief granted in *OpenTV*, where plaintiff was precluded "from

22  asserting conception and reduction to practices dates other than those identified [in its prior

23  disclosures] under Patent Local Rule 3-1(f) and 3-2(b)" and the court struck "all earlier conception

24  and reduction to practice dates proposed in [plaintiff]'s subsequent interrogatory responses."  2016

25  WL 3196643, at *3.  The court agrees the same relief is appropriate here and grants Motorola's

26  request to strike the portion(s) of Largan's supplemental interrogatory response identifying earlier

27

28  [3] Largan's priority date disclosures remained the same in its July 2023 Amended Infringement
    Contentions.  [JDL at 2.]

United States District Court
Northern District of California

1    priority dates than those in Largan's July 2023 Amended Infringement Contentions and March

2    2022 Infringement Contentions.

3         **B.     Largan's Belated Production of Conception Documents for the '767 Patent**

4              Patent Local Rule 3-2 requires that the party claiming patent infringement produce with its

5    Disclosure of Asserted Claims and Infringement Contentions, among other things: "All documents

6    evidencing the conception, reduction to practice, design, and development of each claimed

7    invention, which were created on or before the date of application for the patent in suit or the

8    priority date identified pursuant to Patent L.R. 3-1(f), whichever is earlier[.]"  Patent L.R. 3-2(b).

9              Motorola argues that Largan should not be allowed to rely on late-produced conception

10   documents.  It contends that Largan confirmed in its July 2023 Amended Infringement

11   Contentions that it was unaware of any non-privileged documents in this category, and yet

12   Largan's 30(b)(6) designee testified on February 12, 2025 that he relied on unproduced conception

13   documents for the '767 Patent to prepare for his deposition.  [JDL at 2.]  Largan responds that

14   these documents consist of "an additional email and a single preliminary design file"; that Largan

15   was "previously unaware of those documents"; and that Largan "promptly produced them to

16   Motorola later that evening," noting that Motorola was able to "depose Mr. Tsai on those

17   documents the following day, mitigating any potential prejudice to Motorola."  [*Id.* at 4.]

18             For the same reasons discussed above, Largan has failed to establish diligence and does not

19   offer any explanation as to why it was "previously unaware" of these files.  [*Id.*]  Largan's

20   assurance that it "does not intend to rely on those documents . . . as the basis for an earlier priority

21   date than those set forth in its interrogatory response" [*id.*] is inconsequential, as the court has

22   prohibited Largan from relying on the dates set forth in its supplemental interrogatory response.

23   Largan was obligated under the Patent Local Rules to produce these supporting documents with its

24   infringement contentions and did not do so.  Largan has not demonstrated good cause and is

25   therefore precluded from relying on them.  *See OpenTV*, 2016 WL 3196643, at *3 (granting

26   motion to "preclude [plaintiff] from relying on supporting documentation other than what was

27   specifically identified in [plaintiff]'s Patent Local Rule 3-2(b) disclosures").

28

United States District Court
Northern District of California

### C.    Largan's Belated Production of SEQ Design Files

On the last day of fact discovery (February 20, 2025), Largan made available for inspection certain SEQ design files identified by Largan 30(b)(6) witness Leon Chen at his February 13, 2025 deposition.  Largan explains these are "source code files for the optical design software Code V[,] for the model numbers that were identified as practicing the Asserted Patents." [JDL at 5.]  Seemingly to excuse its belated production, Largan maintains that these files "contain more details than the technical design specifications that have already been produced to Motorola, but those additional details are not necessarily related to the limitations of the Asserted Claims." [*Id.*]  Motorola contends that Largan was required to produce these files years ago under Patent Local Rule 3-2(e), which requires production with the Disclosure of Asserted Claims and Infringement Contentions of the following: "If a party identifies instrumentalities pursuant to Patent L.R. 3-1(g), documents sufficient to show the operation of any aspects or elements of such instrumentalities the patent claimant relies upon as embodying any asserted claims[.]"  Patent L.R. 3-2(e).  As to Largan's prior productions, Motorola notes that "Largan's own witnesses testified that many of the technical documents previously produced by Largan under Patent L.R. 3-2(e) could not show whether those products practice the Asserted Patents."  [JDL at 3.]  Motorola also notes that Largan has not sought leave to amend its infringement contentions to add the newly produced SEQ design files.  [*Id.*]

Largan does not attempt to establish that it was diligent other than to emphasize that it previously "produced 134 technical design specifications" pursuant to Patent Local Rule 3-2(e). [*Id.* at 5.]  It contends that Motorola has not "raised any issue" with its Patent Local Rule 3-2(e) productions until now and that it is "Motorola's own delay that has caused prejudice, if any."  [*Id.*] Largan's attempt to fault Motorola for Largan's lack of diligence is not well taken.  Largan was obligated to produce these materials under the Patent Local Rules and offers no explanation as to why it did not do so earlier.  Accordingly, Largan is precluded from relying on the newly produced SEQ design files.

### IV.    CONCLUSION

For the reasons stated above, Motorola's motion is granted in its entirety.

7

**IT IS SO ORDERED.**

Dated: April 3, 2025

_____

Donna M. Ryu

Chief Magistrate Judge