UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARGAN PRECISION CO, LTD,<br><br>Plaintiff,<br><br>v.<br><br>MOTOROLA MOBILITY LLC.,<br><br>Defendant. | Case No. 21-cv-09138-JSW<br><br>**ORDER DENYING MOTIONS TO SEAL WITHOUT PREJUDICE**<br><br>Re: Dkt. Nos. 252, 253, 254, 257, 259, 260, 272, 273, 275, 277, 278, 279, 281, 296, 298, 300, 306, 311 |

The parties have filed the above referenced motions to seal in connection with briefing on motions for summary judgment and on *Daubert* motions, which currently are set for a hearing on November 21, 2025. Defendant's unredacted briefs do not clearly identify the material it contends to be sealed. For example, Defendant's unredacted briefs are not always highlighted, and they have designated sealable material by reference to "[p]ortions identified by Largan pursuant to [C]ivil L.R. 79-5(f)(3)." (*See, e.g.,* Dkts. 252, 254, 275, 277-2, 278-279).[1] The Court DENIES EACH OF THESE MOTIONS WITHOUT PREJUDICE. The documents to remain under seal pending renewed motions as set forth below.

To simplify resolution of the motions to seal and to ensure that the parties' designations of what should be sealed are consistent, the Court HEREBY ORDERS the parties to meet and confer regarding all pending motions to seal. By November 14, 2025, for each substantive motion at issue, they shall submit a joint motion to seal that clearly identifies by page and line the portions of any document or exhibit that should be sealed, whether in the motion, opposition, reply, declaration, or the exhibits. The Court will determine whether it is unduly burdensome to redact

---

[1] For example, material Plaintiff moved to seal relating to their motion to exclude the opinions of George Barbastathis, Ph.D. is filed publicly in Defendant's opposition (Dkt. No. 276).

exhibits in their entirety, but it urges the parties to conduct an additional review to assure they comply with the requirement that motions to seal be narrowly tailored.

Finally, to the extent this case proceeds, unless there is a necessity to file separate motions to seal in connection with a single brief, parties shall file one motion to seal that addresses any material that party has designated *and* that addresses materials the opposing party has designated. (*See, e.g.,* Dkt. Nos. 252 and 254.)[2]  If two motions to seal are required, the party shall explain why a separate motion is necessary in the motion to seal.

**IT IS SO ORDERED**.

Dated: November 7, 2025

_____
JEFFREY S. WHITE
United States District Judge

---

[2] For example, Plaintiff filed two copies of its motion for summary judgment because it filed two separate motions to seal. Plaintiffs also provided the Court with two chambers copies of the substantive motion, which was unnecessary.

2