1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6
7

LARGAN PRECISION CO, LTD,

8

Plaintiff,

9

v.

10

MOTOROLA MOBILITY LLC.,

11

Defendant.

Case No.  21-cv-09138-JSW   (DMR)

**ORDER REGARDING LARGAN
PRECISION CO., LTD.'S MOTION
FOR LEAVE TO AMEND
INFRINGEMENT CONTENTIONS,
JOINT DISCOVERY LETTER, AND
MOTIONS TO SEAL**

Re:    Dkt. Nos. 227, 228, 229, 236, 242,
243, 246

12
13

Plaintiff Largan Precision Co. Ltd. ("Largan") filed this motion to amend its second amended

14

infringement contentions to add eight Largan products that allegedly practice the claimed invention

15

of Largan's U.S. Patent No. 8,310,767 ("the '767 patent"), as well as three Motorola products

16

(Guam, Guam+, and Titan) as Accused Products.[1]  [Docket No. 227 (Mot.).]  Defendant Motorola

17

Mobility LLC ("Motorola") filed an opposition (Docket No. 237 (Opp'n)), and Largan filed a reply

18

(Docket No. 247 (Reply)).  Both parties also filed motions to seal in connection with their briefs.[2]

19

[Docket Nos. 228, 229, 236, 246.]

20

The parties also filed a joint discovery letter regarding Largan's expert reports.  [Docket

21

No. 243.]  As the issues raised in the joint discovery letter rise and fall with Largan's motion for

22

leave to amend, the court addresses that letter in this order as well.

23

The court finds these matters suitable for disposition without oral argument.  Civ. L.R. 7-

24

1(b).  Having considered the parties' arguments, the relevant legal authority, and the record in this

25

---

[1] For reasons explained below, the Titan and Guam+ products are no longer at issue in this motion.
This dispute focuses only on Guam.  The order makes reference to Titan and Guam+ for factual
context.

[2] The presiding judge in this matter, the Honorable Jeffrey S. White, referred the motion for leave
to amend and the concurrently filed sealing motions to the undersigned.  [Docket No. 240.]

case, the court denies Largan's motion to amend and grants Motorola's request to strike the portions of Largan's expert reports concerning Guam and the eight Largan products that Largan moves to add to its infringement contentions.

## I.    BACKGROUND[3]

This case began with Largan alleging that Motorola infringes the '767 patent; U.S. Patent No. 8,514,499 ("the '499 patent"); U.S. Patent No. 9,696,519 ("the '519 patent"); U.S. Patent No. 9,784,948 ("the '948 patent"); U.S. Patent No. 10,209,487 ("the '487 patent"); and U.S. Patent No. 10,564,397 ("the '397 patent"). [Docket No. 36 (Am. Compl.).] Two patents remain, the '767 patent and the '948 patent. [Docket No. 82.] The patents are generally directed to imaging systems which comprise multiple lens elements.

### A.    Largan's Initial and Amended Disclosures

On March 11, 2022, pursuant to Patent Local Rule 3-2, Largan served its initial Disclosure of Asserted Claims and Infringement Contentions ("Initial Contentions"). Mot. at 1; Opp'n at 3; *see* Docket No. 34 (Scheduling Order). According to Largan, the Initial Contentions identified Motorola product One 5G Ace as infringing the Asserted Patents. Mot. at 1. Exhibit 7 to the Initial Contentions identified Largan's own products that it alleged practice the claimed inventions. Opp'n at 4. According to Motorola, Exhibit 7 did not include any of the eight Largan products that Largan now seeks to add.

On July 6, 2022, Judge White stayed the case pending *inter partes* review ("IPR") of all six patents. [Docket No. 70.] On April 5, 2023, Largan moved to lift the stay. [Docket No. 74.] At that point, eight of the asserted claims from the '767 patent had survived IPR with no appeal permitted. One asserted claim of the '948 patent was not challenged by Motorola in the IPR process. *Id.* at 1. Largan proposed to narrow its infringement contentions from 75 asserted claims over six patents to the nine claims remaining from the '767 and '948 patents (the "Asserted Patents"). *Id.* Judge White lifted the stay on May 16, 2023. [Docket No. 82.]

---

[3] Judge White's Order Granting Motion to Lift Stay and Claim Construction Order contains a detailed history of this case. [Docket Nos. 82, 119.]

United States District Court
Northern District of California

On July 7, 2023, Largan served its Amended Disclosure of Asserted Claims and Infringement Contentions ("Amended Contentions"), which disclosed additional Accused Products[4] but made no changes to Exhibit 7. Mot. at 2; Opp'n at 4.

### B.    Discovery on Additional Accused Products

On February 13, 2025, Largan deposed Motorola's 30(b)(6) witness, Matthew Biggerstaff, about an email chain and spreadsheet that referenced Titan, Guam, and Guam+. Mot. at 7-8; Opp'n at 7-8; Docket No. 288-2 (2/13/25 Biggerstaff Dep.) at 127:9-136:5; Docket No. 288-9 (2/13/25 Biggerstaff Dep., Largan Ex. 87); Docket No. 288-10 (2/13/25 Biggerstaff Dep., Largan Ex. 88). Motorola had produced the email and spreadsheet on December 20, 2024 and January 10, 2025, respectively. Opp'n at 8.[5]    Biggerstaff's testimony indicated that Titan, Guam, and Guam+ used the lenses accused of infringing the Asserted Patents, but he did not know if they were commercialized in the United States:

> Q.  And so I'll represent to you that this spreadsheet was produced by Motorola -- by Motorola in this case.  Is it your understanding looking at this exhibit that the Guam and Guam+ were, in fact, commercialized and sold in the United States market?
>
> . . .
>
> THE WITNESS:  No.  I can't be sure -- I can't be sure of that.
>
> BY MR. KRZEMINSKI:
>
> Q.    Any reason to think this spreadsheet is false or containing inappropriate or incorrect data?

---

[4] Motorola's Moto G Power (2021), Moto G Stylus (2021), Moto G Stylus 5G (2021), Moto One 5G (2020) and Moto G Stylus (2022).

[5] Motorola states that "Mr. Biggerstaff was asked about an email produced on December 20, 2024 (Exhibit 87) and a *document (Exhibit 90)* produced on January 10, 2025 as part of Motorola's email production." Opp'n at 8 (emphasis added); *see also* Docket No. 228-2 (2/13/25 Biggerstaff Dep.) at 230:8-21 (referring to Exhibit 90).  The court assumes that Motorola intended to refer to the "document" as "Exhibit 88," not "Exhibit 90." Largan attaches Exhibits 87 and 88 to its motion (Docket Nos. 228-9, 228-10), and Motorola does not dispute that those are the correct exhibits at issue.  Indeed, Motorola refers to a "financial spreadsheet that Motorola produced" (Opp'n at 9), which is consistent with the contents of Largan Exhibit 88 (Docket No. 228-10).  Moreover, no party submitted Largan Exhibit 90 with their briefs, and the excerpts of the Biggerstaff and Chan depositions contain testimony about Largan Exhibits 87 and 88, but not Largan Exhibit 90.  [*See* Docket Nos. 228-2, 228-5, 236-3.]

3

1    A. I -- I don't know what this spreadsheet is.

2  [Docket No. 228-2 (2/13/25 Biggerstaff Dep.) at 134:22-135:12; *see also id.* at 132:19-133:3.]

3        At the time of Biggerstaff's February 13, 2025 deposition, Largan had not identified Guam

4  as an Accused Product.  At the end of the deposition, defense counsel represented that Motorola

5  would investigate the issue and would update its disclosures if appropriate:

6              you guys looked at Exhibit 87 and 90 that showed some products that
             might use some of the lenses accused in this case.  And we'll . . . take
7            a look and see if they were either sold in the United States or, . . . to
             the extent they weren't.   And we'll update our financials or
8            disclosures to the extent we find anything, but we'll let you know
             ahead of time.
9

10  [Docket No. 228-2 (2/13/25 Biggerstaff Dep.) at 230:9-21.]

11       Fact discovery closed on February 20, 2025.  [Docket No. 158.]  Largan asserts that on

12  March 14, 2025, "Motorola disclosed that it had 'identified additional products which include one

13  or more of the accused lens assemblies' and proposed a brief extension to the case schedule,

14  including reopening fact discovery on these newly identified products and permitting additional

15  30(b)(6) depositions."  Mot. at 2.  Thus, on March 18, 2025, the parties stipulated to extend the fact

16  discovery deadline to April 16, 2025 to complete limited fact discovery on the newly identified

17  Motorola products.  [Docket No. 217 (Stip.); Docket No. 225 (Order Granting Stip.).]  The limited

18  discovery included, among other things, Motorola supplementing its interrogatory response "to

19  identify all Motorola products sold in the United States that incorporate one or more of the three

20  accused lens assemblies at issue"; Largan amending its infringement contentions to add any new

21  products identified in Motorola's supplemental interrogatory response; Motorola "supplement[ing]

22  its interrogatory responses and document production . . . to the extent Largan accuses any newly

23  identified products in its amended infringement contentions"; and two additional depositions of

24  Motorola's 30(b)(6) witnesses.  Stip. at 1-2.

25       Motorola served its supplemental interrogatory response, which does not disclose Guam as

26  a product that was sold in the US and includes an accused lens assembly.  Opp'n at 8.  The next day,

27  Largan emailed Motorola that "[t]he following Motorola models appear to have camera

28  specifications similar to the models Motorola recently identified in its supplemental response to

United States District Court
Northern District of California

Interrogatory No. 19" and provided a list of 11 Motorola models.  [Docket No. 237-2 at ECF p.3.]  Largan's list did not include Guam (or Guam+ and Titan).  *See id.*  Largan stated that, "[i]f any of these [11] models were sold in the US and contain one or more of the accused lens assemblies, please confirm that Motorola will supplement its response to Interrogatory No. 19 to identify them by Thursday, March 20."  *Id.*  Motorola responded that one of the 11 identified models did not include any of the accused lens assemblies, three were not sold in the United States, and the remaining models had been identified in an earlier response.  *Id.* at ECF p.1.  The emails submitted to the court do not show that Largan responded to Motorola's email.  *See id.*

On March 28, 2025, Largan served its Second Amended Infringement Contentions ("Second Amended Contentions"), which did not identify Guam, Guam+, and Titan as Accused Products.  *See* Stip.; Docket No. 227-3 at 5-7 (redline of proposed third amended infringement contentions).

On April 2, 2025, Motorola served a supplemental response to Largan's Interrogatory No. 1, which asked Motorola to "Identify all ACCUSED PRODUCTS by model name and associated model number."  [Docket No. 228-7 at 8.]  Motorola did not identify Guam as a responsive product.  *Id.*

During the specially extended discovery period, Largan deposed Biggerstaff and Kwan Chan on April 10 and 16, 2025, respectively, in their capacities as Motorola's 30(b)(6) witnesses.  Opp'n at 9; Docket Nos. 228-4 & 236-3 (4/10/25 Biggerstaff Dep.); Docket No. 228-5 (4/16/25 Chan Dep.).  Largan again questioned Biggerstaff about the Guam, Guam+, and Titan products, including whether he "ha[d] any reason to believe there should be additional products identified in Motorola's interrogatory responses that show the U.S. products that use the accused lens assemblies at issue," to which Biggerstaff responded, "[n]o."[6]  [Docket No. 236-3 (4/10/25 Biggerstaff Dep.) at 50:18-22.]  In response to a question as why Motorola did not understand Guam to be an accused product,

_____

[6] Largan asserts that "Motorola's counsel improperly instructed [Biggerstaff] not to answer any questions about the Guam, Guam+ and Titan phones on the basis of 'privilege.'"  Mot. at 4 (citing Docket No. 228-4 (4/10/25 Biggerstaff Dep.) at 49:16-25).  This, and Largan's selective excerpt of this exchange, is misleading.  Largan re-asked the question shortly thereafter, and Biggerstaff responded without any objection from counsel.  [Docket No. 236-3 (4/10/25 Biggerstaff Dep.) at 50:15-22.]  Largan continued to question Biggerstaff about the Guam and Guam+ devices and received substantive responses.  *Id.* at 51:3-55:25.

United States District Court
Northern District of California

Biggerstaff testified, "I can't be sure that they were sold in the U.S." *Id.* at 48:18-25. Counsel for Motorola then represented on the record that Guam would have been identified in Motorola's interrogatory response if it included the accused lens assembly. Specifically, when Biggerstaff was asked whether he had reviewed bills of material "to determine whether any U.S. Motorola smartphones included Sunny lens assembly 39292B," Motorola's counsel stated, "we've already provided this information in a rog response. To the extent that any lens -- any camera or any phone would have included the 39292B lens and that were sold in the U.S., it would have been identified." *Id.* at 53:16-54:4.

As to Titan, Chan testified that they were "looking into the data that is reflect[ed] in" a Motorola spreadsheet where "the Titan product is shown to have units and net revenue for the United States of America market" but that, "based on [his] research, Titan U is not a US based phone." [Docket No. 228-5 (4/16/25 Chan Dep.) at 53:7-17.] Rather, "based on [his] research at the moment, these are ███████████████████████████" *Id.* at 54:1-4; *see id.* at 63:7-10 ("Titan, from what I know is -- what I'm researching on because I know for a fact that it's not a US phone based on the ███████ product information."); *id.* at 57:16-17 ("The ██████████ is already completed. We determined this is not a US phone."). Chan was not able to confirm whether the Guam and Guam+ products had US sales. *Id.* at 62:24-63:17. Neither Chan nor Motorola's counsel represented that they would investigate the issue any further, much less provide the results of such investigation to Largan's counsel. *See id.* at 62:24-64:8.

Largan contends that, "[a]fter the deposition, Motorola/Chan never provided Largan with the results of Chan's investigation into the issue, nor were Motorola/Chan able to disprove Motorola's sales records showing that all three products were sold in the United States." Mot. at 4. However, in a May 12, 2025 email from Motorola sent in response to Largan's notification of its intent to move to amend its infringement contentions, Motorola confirmed its position that Guam does not include an accused lens assembly:

> Regarding the Guam product, as we have explained, the Guam product does not include any accused lens assembly. We explained this to you in email correspondence; Motorola confirmed this in an interrogatory response; and Matt Biggerstaff confirmed this in his deposition. This is also confirmed by documents produced in the case,

> *see, e.g.*, MML-LARGAN00413302, which shows that the Guam product includes the ████████████████████████ MML-LARGAN00163414 does not suggest otherwise; from the context, it is clear that references to Guam mean Guam +, which includes the same lens as the Titan.  Largan, thus, has no good faith basis to amend its infringement contentions or assert that the Guam product infringes any asserted patent.

[Docket No. 228-6 at 1.]   Largan's reply does not directly dispute Motorola's assertion that Chan investigated the Guam product further, and that the May 12 email provided Largan with the results of that investigation.[7]  *See* Opp'n at 9 ("On May 12, 2025, Motorola provided Largan with the results of Mr. Chan's investigation (despite Largan's contentions otherwise, *see* Mot. at 4) and explained that 'the Guam product does not include any accused lens assembly.'").

### C.    Events Leading To This Motion

The parties exchanged expert reports on May 16, 2025.  Mot. at 5; Opp'n at 2; *see* Docket Nos. 225, 226.   Motorola's expert report regarding commercial success noted that Largan's infringement contentions had not identified any lens models **that Largan sold to** ██████ **that** practice the Asserted Patents.  Mot. at 5, 10; Opp'n at 2.   It was only upon reviewing Motorola's expert report that Largan "recheck[ed] its list of models," leading it to realize that it had failed to identify eight of its own products that practice the claimed invention.  According to Largan, it "inadvertently omitted from [its] prior disclosures" "five customer-specific embodiments of the '767 patent and three off-the-shelf models[.]"  Mot. at 5, 10.  This led Largan to file the instant motion in which it seeks to amend its infringement contentions to add eight of its own practicing products, and to identify Guam, Guam+ and Titan as infringing Motorola products.

## II.    MOTION TO AMEND [DOCKET NO. 227]

"The local patent rules in the Northern District of California . . . requir[e] both the plaintiff and the defendant in patent cases to provide early notice of their infringement and invalidity contentions, and to proceed with diligence in amending those contentions when new information

---

[7] Largan appears to maintain that Motorola did not share the results of the investigation.  *See* Reply at 3 ("Motorola has been aware of the existence of the Guam phone since at least February 2025, and *apparently has been investigating those products for months without telling Largan of the outcome of its 'investigation.'*") (emphasis added).  Largan does not explain why the May 12, 2025 email does not in fact share the results of the investigation.

comes to light in the course of discovery." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365–66 (Fed. Cir. 2006).

Patent Local Rule 3-1 requires a patentee to "serve on all parties a 'Disclosure of Asserted Claims and Infringement Contentions.'" Infringement contentions must include, among other things, "each accused apparatus, product, device, process, method, act, or other instrumentality . . . of each opposing party of which the party is aware" and, "[i]f a party claiming patent infringement wishes to preserve the right to rely . . . on the assertion that its own . . . apparatus, product, [or] device . . . practices the claimed invention, the party shall identify, separately for each asserted claim, each such apparatus, product, [or] device . . . that incorporates or reflects that particular claim." Patent L.R. 3-1(b), (g). "The purpose of the infringement and invalidity contentions required under the Patent Local Rules is to require the parties to crystallize their theories of the case early in the litigation in order to further the goal of full, timely discovery and provide all parties with adequate notice of an information with which to litigate their claims." *Unicorn Energy AG v. Tesla Inc.*, No. 21-cv-07476-BLF (SVK), 2023 WL 4670294, at *1 (N.D. Cal. July 19, 2023) (cleaned up).

A party may amend its infringement contentions "only by order of the Court upon a timely showing of good cause." Patent L.R. 3-6. Whether good cause exists depends on "whether (1) the moving party was diligent in amending its contentions, and (2) the non-moving party would suffer prejudice if leave to amend were granted." *Impinj, Inc. v. NXP USA, Inc.*, No. 19-CV-03161-YGR, 2022 WL 2125133, at *1 (N.D. Cal. Mar. 4, 2022) (citations omitted).

### A.    Largan's Products

After careful review of the record, the court concludes that Largan was not diligent in discovering the basis for amendment to add its own products to its infringement contentions.

"Diligence is 'the critical issue' in the good cause determination." *Sunpower Corp. Sys. v. Sunlink Corp.*, No. C08-02807 SBA, 2009 WL 1657987, at *1 (N.D. Cal. June 12, 2009) (quoting *Karl Storz Endoscopy Am., Inc. v. Stryker Corp.*, No. 14-CV-00876-RS (JSC), 2016 WL 2855260, at *3 (N.D. Cal. May 13, 2016)). "While the diligence component does not require perfect diligence, . . . neither can it be said that the diligence requirement is entirely nugatory or *pro forma*,

United States District Court
Northern District of California

as unlike the generally-applicable liberal policy for amending pleadings, the philosophy behind amending claim charts is decidedly conservative, and designed to prevent the 'shifting sands' approach to claim construction." *Yuntek Int'l, Inc. v. Xiamen JXD Elec. Com. Co.*, No. 20-cv-07201-JSW (RMI), 2021 WL 4974980, at *2 (N.D. Cal. Oct. 26, 2021) (cleaned up).

The diligence analysis "consists of two subparts: '(1) diligence in discovering the basis for amendment; and (2) diligence in seeking amendment once the basis for amendment has been discovered.'" *R.N Nehushtan Tr. Ltd. v. Apple Inc.*, No. 22-CV-01832-WHO, 2023 WL 10364531, at *1 (N.D. Cal. May 19, 2023) (quoting *Karl Storz*, 2016 WL 2855260, at *3). "The burden is on the movant [seeking to amend] to establish diligence rather than on the opposing party to establish a lack of diligence." *O2 Micro*, 467 F.3d at 1366.

On this record, it is simply not credible that the omission of eight Largan products was "inadvertent." As the patent holder and the seller of the lenses, Largan cannot deny that this information was in its possession even before it initiated this action against Motorola; indeed, Largan admits that it had a "list of models[.]" Mot. at 5. Largan thus had ample time to identify all of its own products that practice the claimed invention of the '767 patent, including when it conducted its pre-suit investigation and drafted its Initial, Amended, and Second Amended Contentions. Largan and its counsel presumably reviewed its contentions at each step of the process, yet they somehow failed to notice that they did not include eight of Largan's own products. That it took *Motorola's expert* to call attention to the error belies any notion that Largan was diligent, and Largan offers no other explanation as to why it did not discover the omission before exchanging expert reports on May 16, 2025, more than three years after serving its Initial Contentions.

Largan's identification of ███████████████ in its interrogatory responses does not compel a different result. *See* Reply at 3. Largan contends that because "Largan identified the ███████████████ as relating to the patents at issue, Motorola knew that models that practice the patents were sold to ████████" *Id.* Essentially, Largan argues that by identifying the ████ ████ in interrogatory responses, it implicitly put Motorola on notice of the eight missing products because they were sold under that agreement. Yet Largan also admits that it "had not initially identified the specific models" (*id.*), and Motorola cannot be expected to assume that Largan

intended to place every model sold to ███████ that practiced the Asserted Patents at issue—particularly where Largan did not identify them in three rounds of infringement contentions. *See MLC Intell. Prop., LLC v. Micron Tech., Inc.*, No. 14-CV-03657-SI, 2019 WL 1865921, at *4 (N.D. Cal. Apr. 25, 2019) ("[I]mplicit disclosures are contrary to the purpose of the local patent rules, which require parties to disclose the basis for their contentions in order to make them *explicit* and streamline patent litigation.") (emphasis in the original; cleaned up); *Thought, Inc. v. Oracle Corp.*, No. 12-CV-05601-WHO, 2016 WL 3230696, at *6 (N.D. Cal. June 13, 2016), *aff'd*, 698 F. App'x 1028 (Fed. Cir. 2017) ("Thought's current argument that this theory was 'implicitly' disclosed and that Oracle should have realized Thought intended to rely on the 'internal' wrapped sessions when the Supplemental Infringement Contentions did not strike through 'sessions.readObject(object)' and referred generally to the 'functionality' of TopLink, is gamesmanship. The purpose of requiring parties to disclose the basis for their contentions is to make them explicit and streamline patent litigation.") (citation omitted).

Contrary to Largan's assertion (Reply at 3), *Apple Inc. v. Samsung Electronics Co.*, No. CV 12-00630 LHK, 2012 WL 5632618, at *5 (N.D. Cal. Nov. 15, 2012), does not support a finding of good cause here. In that case, the court found that Apple had made an "honest mistake" in omitting claim charts from its initial contentions because "[t]he missing claims charts [we]re listed in Apple's Claims Summary Table (the table of contents of their June 15 contentions), and duplicates of other charts were served in place of the second set of omitted charts." *Id.* at *5. In other words, there was evidence that Apple had intended to include the claim charts from the beginning, but an "honest mistake" led to their omission. Largan offers no such evidence here. Nothing in its Initial, Amended, or Second Amended Contentions indicates that Largan intended to identify the eight products at issue in this motion.

Instead, this case is similar to *Tigo Energy Inc. v. Altenergy Power Sys. Inc.*, No. 20-CV-03622-NC, 2021 WL 4027371 (N.D. Cal. Mar. 25, 2021), in which the court found that the patentee, Tigo Energy, was not diligent in seeking to amend its contentions. Like Largan, Tigo amended its infringement contentions three times before seeking leave to amend once again to assert another claim. *Id.* at *1. Tigo argued that "it ha[d] good cause to amend its infringement contentions

because it made an honest mistake in only recently discovering that the 'diode D3 was "a bypass circuit" . . . as required by claim 5 of the '321 patent,' and therefore only recently believed that the accused product has a bypass circuit as described in claim 5." *Id.* at *2 (citation omitted). Tigo further contended that it should be permitted to amend its contentions "because its proposed amendment [wa]s based on its counsel's honest mistake, rather than newly produced or discovered material, [and] that it may establish diligence simply by seeking amendment promptly after discovering its mistake." *Id.* at *3.

The court disagreed and found that "Tigo's amendment cannot be deemed an honest mistake because it never intended to include claim 5 of patent '321 in its initial contentions or subsequent amendments." *Id.* at *4. The court explained that "[w]ithout offering an explanation as to how Tigo failed to discover its mistake regarding the bypass circuit from information it had at its disposal before serving its initial infringement contentions, Tigo ha[d] not established diligence in discovering the basis for its amendment." *Id.*

*Berger v. Rossignol Ski Co.*, 2006 WL 1095914 (N.D. Cal. Apr. 25, 2006), *aff'd*, 214 F. App'x 981 (Fed. Cir. 2007), is also instructive. There, the patentees sought to amend their infringement contentions after summary judgment to add a new patent. *Id.* at *1-2. However, the patentees "offer[ed] no explanation as to why the 'errors' were made in the first place, and, in particular, how they could have 'mistakenly' omitted any contentions as to the '569 [patent]." *Id.* at *4. The court found that the patentees were not diligent in seeking to amend because they "should have become aware of the alleged errors, and in particular, the omission of any contentions as to the '569, when defendant served its preliminary invalidity contentions" yet they waited until after summary judgment to move to amend. *Id.*

Like *Tigo Energy* and *Berger*, the record shows that Largan failed to discover its mistake before serving three rounds of infringement contentions, and Largan offers no explanation to justify the omission. Merely passing it off as an "inadvertent mistake" is insufficient. Accordingly, the court finds that Largan has not established that it was diligent in seeking to amend its Second Amended Contentions to identify eight of its own products that allegedly embody the claimed

1    invention of the '767 patent.  Largan's motion is denied as to this proposed amendment.[8]

2    **B.    Guam+ and Titan Are No Longer at Issue in This Motion**

3        Largan's motion seeks leave to amend its Second Amended Contentions to include

4    Motorola's Guam+ and Titan products.  However, "Motorola . . . only opposes Largan's belated

5    amendment with respect to the Guam product."  Opp'n at 1 n.2; *see also* Docket No. 228-6 at 1

6    ("Motorola . . . will not object to the sales of only the Guam + and Titan products, as provided in

7    MML-LARGAN00016856, being accounted for in the case.").  As there is no dispute with respect

8    to amending the Second Amended Contentions to add the Guam+ and Titan products, the court

9    grants Largan's motion as to those.

10    **C.    Guam**

11        Largan argues there is good cause to amend its Second Amended Contentions to add the

12    Guam because "Motorola blocked Largan's attempts to obtain further discovery into [this product]

13    and failed to provide any details/results from its supposed investigation into the issue[,]" thus

14    preventing Largan from filing its motion earlier.  Mot. at 11.  Largan also contends that, because

15    Motorola does not oppose amendment as to the Guam+ and Titan products, Motorola is precluded

16    from arguing that Largan was not diligent as to Guam.  Reply at 1.  Motorola opposes amendment

17    as to the Guam product on grounds that Largan was not diligent in discovering the basis for

18    amendment and seeking to amend.  Opp'n at 10-11.

19        The court finds that Largan was not diligent in discovering the basis for amending its

20    Second Amended Contentions to add the Guam product.  The record shows that the two documents

21    that referenced Guam—the email (Biggerstaff Exhibit 87) and spreadsheet (Biggerstaff Exhibit

22    88)—were produced December 10, 2024 and January 10, 2025, respectively.  Opp'n at 8.  On

23

24    ---
      [8] The court does not reach the question of whether Largan was diligent in moving to amend or
25    whether Motorola would be prejudiced by amendment.  *Tigo Energy*, 2021 WL 4027371, at *4
      ("Where the moving party does not establish that it was diligent in discovering the basis for its
26    proposed amendment, the court need not determine whether the moving party was diligent in quickly
      moving to amend.") (citing *Karl Storz*, 2016 WL 7386136, *3); *Asia Vital Components Co. v. Asetek*
27    *Danmark A/S*, No. 16-CV-07160-JST, 2018 WL 3108927, at *1 (N.D. Cal. June 25, 2018) ("If the
      moving party was not diligent, there is 'no need to consider the question of prejudice.'") (quoting
28    *O2 Micro*, 467 F.3d at 1368).

United States District Court
Northern District of California

United States District Court
Northern District of California

1    February 13, 2025, Largan deposed Biggerstaff about both documents.  [Docket No. 288-2 (2/13/25

2    Biggerstaff Dep.) at 127:9-136:5; Docket No. 288-9 (2/13/25 Biggerstaff Dep., Ex. 87); Docket No.

3    288-10 (2/13/25 Biggerstaff Dep., Ex. 88)].

4            The parties thereafter stipulated to conduct limited discovery after the fact discovery cutoff

5    on additional "Motorola products sold in the United States that incorporate one or more of the three

6    accused lens assemblies at issue."  [Docket No. 217 at 1.]  Given Biggerstaff's testimony and

7    Motorola's counsel's representation that Motorola would "look and see" whether the products

8    specifically identified in Biggerstaff Exhibits 87 and 88 were or were not sold in the United States

9    (Docket No. 228-2 (2/13/25 Biggerstaff Dep.) at 230:8-21), it is evident that the "Motorola

10   products" in the stipulation intended to include the ability to conduct further discovery on Guam.

11           Yet the record shows that Largan failed to pursue such discovery.  After Motorola

12   supplemented its interrogatory response regarding such products, Largan followed up on March 18,

13   2025  to confirm whether 11 additional Motorola models contained the accused lens assemblies and

14   should be included in the response.  [Docket No. 237-2 at 2.]  Largan had been, or should have been,

15   aware of the Guam product for nearly three months at that point (that is, since the email shown as

16   Biggerstaff Exhibit 87 was produced on December 20, 2025) and had deposed Biggerstaff about it

17   approximately one month prior.  However, Largan inexplicably did not include it in its list (*see id.*)

18   and offers no explanation as to why it was omitted.  The record before the court shows that Largan

19   did not specifically raise the Guam issue again until Biggerstaff's April 10, 2025 deposition and

20   Chan's April 16, 2025 deposition.   [Docket No. 236-3 (4/10/25 Biggerstaff Dep.) at 50:15-22;

21   Docket No. 228-5 (4/16/25 Chan Dep.) at 58:1-64:8.]

22           Largan complains that Motorola's stonewalling prevented Largan from obtaining discovery

23   on the Guam product.  The record is devoid of evidence that Motorola engaged in stonewalling or

24   obfuscation such that Largan should be excused from its failure to pursue discovery on Guam during

25   the extended discovery period that was created specifically for that purpose.

26           Largan contends that "Motorola's counsel never updated Largan on its investigation" about

27   Guam.  Mot. at 9.  Again, the record shows otherwise.  After Biggerstaff testified about Guam at his

28   February 13, 2025 deposition, counsel for Motorola stated that they would look into the question of

13

1  whether the products raised in the exhibits—including Guam—were sold in the United States and

2  would "update our financials or disclosures to the extent we find anything[.]"  [Docket No. 228-2

3  (2/13/25 Biggerstaff Dep.) at 230:8-21.]

4  Motorola did not include Guam in its March 17, 2025 supplemental interrogatory response,

5  thus indicating that Motorola's investigation did not implicate Guam as an accused product.

6  Largan's March 18, 2025 follow-up email, which asked whether 11 other Motorola products should

7  have been included, did not ask about Guam.  [*See* Docket No. 237-2 at ECF p.2.]

8  During Biggerstaff's April 10, 2025 deposition, Largan's counsel asked Biggerstaff if he

9  "ha[d] any reason to believe there should be additional products identified in Motorola's

10  interrogatory responses that show the U.S. products that use the accused lens assemblies at issue[.]"

11  [Docket No. 236-3 (4/10/25 Biggerstaff Dep.) at 50:18-21.]  Biggerstaff's responded "[n]o."  *Id.*

12  at 50:22.  Motorola's counsel also represented on the record that Guam would have been identified

13  in Motorola's interrogatory response if it included the accused lens assembly.  *Id.* at 54:3-7

14  ("[W]e've already provided this information in a rog response.  To the extent that any lens -- any

15  camera or any phone would have included the 39292B lens and that were sold in the U.S., it would

16  have been identified.").

17  At his deposition, Chan was not able to confirm whether Guam had US sales.  [*See* Docket

18  No. 228-5 (4/16/25 Chan Dep.) at 58:7-59:4.]  Neither Chan nor Motorola's counsel made any

19  promise to investigate Guam further or share the results of any such investigation with Largan.  *See*

20  *id.* at 62:24-64:8.  Nevertheless, Motorola later did exactly that.  In its May 12, 2025 email to Largan,

21  Motorola explained that its investigation showed the Guam product does not infringe:

> Regarding the Guam product, as we have explained, the Guam product does not include any accused lens assembly. We explained this to you in email correspondence; Motorola confirmed this in an interrogatory response; and Matt Biggerstaff confirmed this in his deposition. This is also confirmed by documents produced in the case, see, e.g., MML-LARGAN00413302, which shows that the Guam product includes ████████. MML-LARGAN00163414 does not suggest otherwise; from the context, it is clear that references to Guam mean Guam +, which includes the same lens as the Titan.

[Docket No. 288-6 at 1.]

14

United States District Court
Northern District of California

1    Largan's assertion that "Motorola failed to offer any testimony or documents showing that

2  the Guam … phone[] does] not use accused Sunny lens assembly Sunny 39292A in order to

3  contradict the evidence Largan put forth" (Mot. at 9) is also unpersuasive.  Based on the exhibits

4  submitted by the parties, it does not appear that Largan ever pursued discovery to confirm whether

5  Guam does or does not use a different lens assembly than those disclosed in the Asserted Patents.[9]

6  There is also no evidence that Largan pushed back on Motorola's assertion in its May 12, 2025

7  email that the document giving rise to Largan's belief that the Guam product should be added as an

8  Accused Product referred to Guam+ and not Guam.   In addition, Largan misleadingly asserts that

9  "[o]n May 7, 2025, Largan indicated it required a meet and confer in advance of moving to amend

10  its infringement contentions to add the Guam, Guam+ and Titan phones as Accused Products."  Mot.

11  at 4 (citing Docket No. 228-6).  Largan's email does no such thing, and instead says:

> [p]lease indicate whether you will stipulate to Largan's
> supplementation of its Infringement Contentions to include Guam,
> Guam+ and Titan, which should have at least been disclosed by
> Motorola in its most recent disclosure, if not earlier, during the initial
> discovery period. If Motorola objects to the inclusion of these
> products in Largan's Infringement Contentions, please provide the
> basis for your objection.

16  [Docket No. 228-6 at 2.]  Largan's email does not ask to meet and confer; instead, it instructs

17  Motorola to either stipulate or provide objections.  Motorola sent its objections three days later.  *Id.*

18  at 1.  Nothing in the email thread provided to the court indicates that Largan requested a meet and

19  confer after receiving Motorola's response.

20    In sum, Largan's argument that Motorola did not produce discovery on the Guam product is

21  undermined by the fact that Largan failed to meaningfully follow up about Guam during the

22  extended discovery period—the very purpose of which was to seek additional discovery on

23  Motorola products such as Guam.  Instead, Largan waited until the extended fact discovery deadline

24  passed before acting.  The record demonstrates that Motorola investigated Guam and consistently

25  took the position that Guam is not an accused product, as demonstrated in Motorola's two

---

[9] Motorola makes the same argument in its opposition.  Opp'n at 10.  Notably, Largan does not
dispute this assertion in its reply.

United States District Court
Northern District of California

supplemental interrogatory responses during the specially extended discovery period, as well as representations by Motorola's counsel in depositions and email correspondence. There is no evidence that Motorola blocked Largan's ability to nail down any lingering doubts it may have had about the Guam product through discovery or by making direct inquiries to Motorola counsel. Under these circumstances, the court cannot find that Largan was diligent in discovering the basis for amendment as to the Guam product. Largan's motion is denied on that ground.[10]

### III.    JOINT DISCOVERY LETTER [DOCKET NO. 243]

Motorola seeks an order striking Largan's expert disclosures regarding Largan's own newly identified allegedly practicing products and the Guam product, on grounds that they were not included in Largan's Second Amended Contentions. [Docket No. 243 at 1.] Because the court denies Largan's motion for leave to amend to add these products, they are not at issue and do not require expert testimony. Motorola's request is therefore granted.

### IV.    MOTIONS TO FILE UNDER SEAL

Both parties move to file under seal portions of their briefs and exhibits thereto, as well as the joint discovery letter. [Docket Nos. 228, 229, 236, 242, 246.]

Civil Local Rule 79-5(b) states that "no document may be filed under seal (i.e., closed to inspection by the public) except pursuant to a court order that authorizes the sealing of the particular document, or portions thereof. A sealing order may issue only upon a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law (hereinafter referred to as 'sealable')." Furthermore, "[r]eference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civ. L.R. 79-5(d)(1)(A).

In assessing whether documents may be filed under seal, there is "a strong presumption in favor of access." *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003). In

---

[10] For the reasons stated in footnote 8, the court does not reach the question of whether Largan diligently moved to amend or whether Motorola would be prejudiced by amendment.

accordance with the strong public policy favoring access to court records, "[a] party seeking to seal a judicial record . . . bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "Under this stringent standard, a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1096–97 (9th Cir. 2016) (quoting *Kamakana*, 447 F.3d at 1179). Those reasons must "outweigh the general history of access and the public policies favoring disclosure, such as the 'public interest in understanding the judicial process.'" *Kamakana*, 447 F.3d at 1178-79 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). The court must "conscientiously balance[ ] the competing interests of the public and the party who seeks to keep" the records secret. *Id.* at 1179.

The Ninth Circuit has "carved out an exception to the presumption of access to judicial records" for "court records attached only to non-dispositive motions." *Id.* (quoting *Foltz*, 331 F.3d at 1135). The court reasoned that "the public has less of a need for access to court records attached only to non-dispositive motions because those documents are often 'unrelated, or only tangentially related, to the underlying cause of action.'" *Id.* (quoting *Foltz*, 331 F.3d at 1135). "A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions." *Id.* at 1180 (citing *Foltz*, 331 F.3d at 1135). The Ninth Circuit has distinguished "dispositive" and "non-dispositive" motions. *Ctr. for Auto Safety*, 809 F.3d at 1097-98. These terms are not "mechanical classifications" and "public access [to judicial records] will turn on whether the motion is more than tangentially related to the merits of a case." *Id.* at 1097, 1101. Therefore, a party must satisfy the more demanding "compelling reasons" standard to seal a motion that is more than tangentially related to the merits of the case. *Id.* at 1101-02.

As the issues raised in this particular motion to amend infringement contentions are nondispositive discovery issues that are only "tangentially related" to the merits of the case, the court applies the "good cause" standard to the parties' sealing motions. *See SanDisk3d IP Holdings Ltd. v. Viasat, Inc.*, No. 22-CV-04376-HSG, 2025 WL 835034, at *2 (N.D. Cal. Mar. 17, 2025) (applying the "good cause" standard to motion to file under seal documents filed in connection to

motion for leave to amend infringement contentions); *Ipsilium LLC v. Cisco Sys., Inc.*, No. 17-CV-07179-HSG, 2020 WL 8991670, at *2 (N.D. Cal. Mar. 16, 2020) (same); *Finjan, Inc. v. Check Point Software Techs., Inc.*, No. 18-CV-02621-WHO, 2019 WL 7801443, at *11 (N.D. Cal. Aug. 12, 2019).

A.    **Motions to File Under Seal Submitted in Connection with the Motion for Leave to Amend [Docket Nos. 228, 229, 236, 246]**

Having reviewed the parties' motions, the court finds good cause exists and grants Largan's motion to file under seal (Docket No. 246). The court grants in part and denies in part Largan's motion to file under seal its Reply in support of its motion for leave to amend (Docket No. 228), Largan's motion to consider whether another party's material should be sealed (Docket No. 229), and Motorola's motion to consider whether another party's material should be sealed (Docket No. 236)[11] as follows:

| Docket No. | Document | Portion to Sought be Sealed | Ruling |
|---|---|---|---|
| 227 | Largan's Motion for Leave to Amend Its Infringement Contentions | Highlighted portions | Granted as to the following:<br><br>ï    Page 3, lines 15-19<br>ï    Page 3, lines 21-22<br>ï    Page 3, lines 13-14<br>ï    Page 8, line 2<br>ï    Page 8, lines 4-10<br>ï    Page 11, lines 20-21<br><br>Denied as to the following:<br><br>ï    Page 7, lines 24-28<br>ï    Page 8, lines 14-18<br><br>The moving party has not established that these portions contain information that warrant sealing. |

---

[11] Although Motorola styles its Motion as a Motion to consider whether another party's material should be sealed, it appears that Motorola only seeks to materials that it, not Largan, designates as confidential.

United States District Court
Northern District of California

| Docket No. | Document | Portion to Sought be Sealed | Ruling |
|---|---|---|---|
| 227-4 | Excerpt of the deposition transcript from the Deposition of Matt Biggerstaff dated February 13, 2025 (Krzeminski Decl., Ex. C) | Entire document | Denied without prejudice. The proposed redactions are not "narrowly tailored to seal only the sealable material," and the moving party has not established that "a less restrictive alternative to sealing is not sufficient[.]" Civ. L.R. 79-5(c)(1)(iii), (c)(3). |
| 227-5 | Excerpt of a letter from K. Koballa to T. Krzeminski dated April 21, 2025 (Krzeminski Decl., Ex. D) | Entire document | Denied without prejudice. The proposed redactions are not "narrowly tailored to seal only the sealable material," and the moving party has not established that "a less restrictive alternative to sealing is not sufficient[.]" Civ. L.R. 79-5(c)(1)(iii), (c)(3). |
| 227-6 | Excerpt of the deposition transcript from the Deposition of Matt Biggerstaff dated April 10, 2025 (Krzeminski Decl., Ex. E) | Entire document | Denied without prejudice. The proposed redactions are not "narrowly tailored to seal only the sealable material," and the moving party has not established that "a less restrictive alternative to sealing is not sufficient[.]" Civ. L.R. 79-5(c)(1)(iii), (c)(3). |
| 227-7 | Excerpt of the deposition transcript from the Deposition of Kwan Chan dated April 16, 2025 (Krzeminski Decl., Ex. F) | Entire document | Denied without prejudice. The proposed redactions are not "narrowly tailored to seal only the sealable material," and the moving party has not established that "a less restrictive alternative to sealing is not sufficient[.]" Civ. L.R. 79-5(c)(1)(iii), (c)(3). |

United States District Court
Northern District of California

| Docket No. | Document | Portion to Sought be Sealed | Ruling |
|---|---|---|---|
| 227-8 | Email communications with the subject line "Largan v. Motorola – Additional Accused Products" between E. Embree and K. Koballa dated May 7-12, 2025 (Krzeminski Decl., Ex. G). | Highlighted portions | Granted |
| 227-9 | Excerpt of Motorola's Sixth Amended Objections and Responses to Largan's First Set of Interrogatories dated April 2, 2025 (Krzeminski Decl., Ex. H). | Entire document | Denied without prejudice.  The proposed redactions are not "narrowly tailored to seal only the sealable material," and the moving party has not established that "a less restrictive alternative to sealing is not sufficient[.]"  Civ. L.R. 79-5(c)(1)(iii), (c)(3). |
| 227-10 | Excerpt of Motorola's Fourth Amended Objections and Responses to Largan's Seventh Set of Interrogatories dated April 9, 2025 (Krzeminski Decl., Ex. I). | Entire document | Denied without prejudice.  The proposed redactions are not "narrowly tailored to seal only the sealable material," and the moving party has not established that "a less restrictive alternative to sealing is not sufficient[.]"  Civ. L.R. 79-5(c)(1)(iii), (c)(3). |
| 227-12 | Largan Exhibit 87 during the Deposition of Matthew Biggerstaff on April 13, 2025 (Krzeminski Decl., Ex. K) | Entire document | Denied without prejudice.  The proposed redactions are not "narrowly tailored to seal only the sealable material," and the moving party has not established that "a less restrictive alternative to sealing is not sufficient[.]"  Civ. L.R. 79-5(c)(1)(iii), (c)(3). |

United States District Court
Northern District of California

| Docket No. | Document | Portion to Sought be Sealed | Ruling |
|---|---|---|---|
| 227-13 | Excerpt of Largan Exhibit 88 during the Deposition of Matthew Biggerstaff on April 13, 2025 (Krzeminski Decl., Ex. L) | Entire document | Denied without prejudice. The proposed redactions are not "narrowly tailored to seal only the sealable material," and the moving party has not established that "a less restrictive alternative to sealing is not sufficient[.]" Civ. L.R. 79-5(c)(1)(iii), (c)(3). |
| 237 | Motorola's Opposition to Largan's Motion to Amend | Highlighted portions | Granted as to the following:<br><br>ï    Page 2, line 1<br>ï    Page 9, line 23<br><br>Denied as to the following:<br><br>ï    Page 9, lines 6-8<br>ï    Page 9, lines 11-12<br>ï    Page 9, lines 17-18<br>ï    Page 10, lines 9-11<br><br>The moving party has not established that these portions contain information that warrant sealing. |
| 237-3 | Excerpt of the transcript of the April 10, 2025 deposition of Matthew Biggerstaff (Declaration of Kacey Koballa, Ex. B) | Entire document | Denied without prejudice. The proposed redactions are not "narrowly tailored to seal only the sealable material," and the parties have not established that "a less restrictive alternative to sealing is not sufficient[.]" Civ. L.R. 79-5(c)(1)(iii), (c)(3). |

Any renewed motion to file under seal shall be filed within 7 days of this order. The parties shall carefully consider what, in light of the "strong presumption in favor of [public] access" to court filings, *Foltz*, 331 F.3d at 1135, truly merits sealing and ensure that any proposed redactions are "narrowly tailored to seal only the sealable material," Civ. L.R. 79-5(c)(3). If the parties do not

timely renew their motions, the court will order the aforementioned exhibits to be unsealed.

**B.    Motion to File Under Seal Joint Discovery Letter [Docket No. 242]**

The court finds the proposed redactions are narrowly tailored and good cause exists to seal the highlighted portions on page 3 of the parties' joint discovery letter regarding Largan's expert reports.  The court thus grants Motorola's motion to file under seal (Docket No. 242).

**V.    CONCLUSION**

For the reasons stated above, the court orders as follows:

- Largan's motion to amend is denied.
- The portions of Largan's expert reports that concern the Guam product and Largan's eight products that allegedly practice the claimed invention of the '767 patent are stricken.
- Largan's motion to file under seal (Docket No. 246) is granted.
- Largan's motion to file under seal (Docket No. 228) is granted in part and denied in part.
- Largan's motion to consider whether another party's material should be sealed (Docket No. 229) is granted in part and denied in part.
- Motorola's motion to consider whether another party's material should be sealed (Docket No. 236) is granted in part and denied in part.
- Motorola's motion to file under seal portions of the parties' joint discovery letter regarding Largan's experts (Docket No. 242) is granted.
- Any renewed motions to for leave to file under seal shall be filed within 7 days of this order.

As the parties may file renewed sealing motions, the court is filing this order under seal, with unredacted copies served on counsel.  No later than 7 days of this order, the parties shall meet and confer in good faith to determine what, if anything, warrants sealing.  Should the parties determine that portions of the order merit sealing, they shall file a single motion for leave to file under seal—that is, a joint motion if both parties propose redactions or a single motion if only one party seeks redactions.  Although the court expects the parties to work in good faith to resolve any disputes,

United States District Court
Northern District of California

they may propose competing redactions if there is any disagreement. Proposed redactions should be made in a single document with joint and competing redactions identified by different colored highlights.

The court will unseal this order if the parties do not timely file renewed motions for leave to file under seal, or if they do not timely move for leave to file this order under seal.


**IT IS SO ORDERED.**

Dated: August 11, 2025

Donna M. Ryu
Chief Magistrate Judge

United States District Court
Northern District of California