UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARGAN PRECISION CO, LTD,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MOTOROLA MOBILITY LLC.,<br><br>　　　　　Defendant. | Case No. 21-cv-09138-JSW  (DMR)<br><br>**ORDER DENYING MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS AND TO REOPEN DISCOVERY; ORDER ON SEALING MOTIONS**<br><br>Re: Dkt. Nos. 292, 313, 317 |

Plaintiff Largan Precision Co., Ltd. moves to amend its infringement contentions to add another product, the Moto G Stylus 5G (2025), as well as "any other new Motorola products using the same main lens assembly as the Moto G Stylus 5G (2025)" (collectively, the "New Products"), that allegedly infringe U.S. Patent No. 8,310,767 (the "'767 patent"). [Docket No. 292 (Mot.).] Largan further seeks to amend the scheduling order in two respects: first, to reopen fact discovery for 90 days for the limited purpose of taking discovery regarding the New Products; second, to allow Largan to supplement its expert reports to add opinions regarding the New Products. Defendant Motorola Mobility LLC filed an opposition (Docket No. 314 (Opp'n)), and Largan filed a reply (Docket No. 318 (Reply)).

Pursuant to Civil Local Rule 7-1(b), the court finds this matter suitable for disposition without oral argument. For the reasons stated below, the court denies Largan's motion.

**I.　BACKGROUND**

Prior orders set forth the factual and procedural history of this action. [Docket Nos. 267, 286.] The court limits its discussion to what is relevant to this motion.

### A. Procedural Background

Largan initiated this action on November 1, 2021. [*See* Docket No. 1.] At the time, Largan accused Motorola of infringing a total of 75 claims over six patents, including the '767 patent and U.S. Patent No. 9,784,948 ("the '948 patent") (together, the "Asserted Patents"). *Id.* On March 11, 2022, pursuant to Patent Local Rule 3-2, Largan served its initial Disclosure of Asserted Claims and Infringement Contentions. [Docket No. 227 at 1; Docket No. 237 at 3; *see* Docket No. 34 (Scheduling Order).]

Between July 2022 and May 2023, the case was stayed pending *inter partes* review ("IPR"). [Docket Nos. 70, 74, 82.] In moving to lift the stay, Largan proposed narrowing its infringement contentions to the nine claims remaining from the Asserted Patents. [Docket No. 74 at 1.] Largan served its Amended Disclosure of Asserted Claims and Infringement Contentions on July 7, 2023. [Docket No. 227 at 2; Docket No. 237 at 4.]

Fact discovery closed on February 20, 2025. [Docket No. 158.] However, on March 18, 2025, the parties stipulated to a limited extension of the fact discovery deadline, to April 16, 2025, for the purpose of conducting discovery on certain "Motorola products sold in the United States that incorporate one or more of the three accused lens assemblies at issue." [Docket No. 217 at 1.] Expert discovery closed on July 9, 2025. [Docket No. 239.]

On July 30, 2025, the parties filed two motions for summary judgment and three *Daubert* motions. [Docket Nos. 250, 255, 256, 258, 261.] All motions have been fully briefed, and a hearing is scheduled for November 21, 2025 before the presiding judge in this matter, the Honorable Jeffrey S. White.[1] [Docket No. 321.]

On August 11, 2025, the court granted Largan's motion to amend its infringement contentions to add two additional Motorola products, Guam+ and Titan, as Motorola did not oppose such amendment. [Docket No. 267 at 12; Docket No. 237 at 1 n.2.] The court otherwise denied Largan's motion to add eight of its own products, as well as Motorola's Guam product. [Docket

---

[1] The parties agree that this motion "does not necessitate delaying the . . . *Daubert* and summary judgment hearings[.]" [Docket No. 316.]

No. 267 at 8–9, 12–16.]  Largan currently accuses 29 Motorola products of infringing the Asserted Patents.  [Docket No. 294 at 5.]

### B. Facts Relevant to This Motion

On April 17, 2025, Motorola launched the Moto G Stylus 5G (2025).  [Docket No. 292-4.]  Largan purchased the U.S. version of the Moto G Stylus 5G (2025) on July 3, 2025 and began conducting precision testing of the lens assembly at Largan's facilities in Taiwan on July 16, 2025.  [Docket No. 292-7 (Chen Decl.) ¶¶ 2, 4.]

In an August 19, 2025 email, Largan informed Motorola that "[i]t has recently come to Largan's attention that at least one new Motorola product, the Moto G Stylus 5G (2025) . . . appears to be using accused lens assembly Sunny 39449A or its equivalent" and that "Largan intends to seek leave to amend its infringement contentions and expert reports to add this product, as well as all appropriate ancillary relief."  [Docket No. 292-5 at 2–3.]

In response, Motorola cited its "April 4, 2025 amended interrogatory responses [which] unambiguously state [that Motorola] is no longer purchasing the accused lens assemblies and ceased procurement of camera modules containing the accused Sunny lens assemblies no later than May 2024."  [Docket No. 292-6.]   Motorola further asserted that "[m]ere comparison of purported CT scan images and speculation based on alleged superficial similarities does not establish that Motorola is using any lens assembly subject to Largan's infringement contentions in the Moto G Stylus 5G (2025) or any other 2025 model" and that "[t]he lens in the Moto G Stylus 5G (2025) is not the accused Sunny 39449A assembly and is not the same as that lens assembly."  *Id.*

## II. LEGAL STANDARD

"The local patent rules in the Northern District of California . . . requir[e] both the plaintiff and the defendant in patent cases to provide early notice of their infringement and invalidity contentions, and to proceed with diligence in amending those contentions when new information comes to light in the course of discovery."  *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365–66 (Fed. Cir. 2006).

Patent Local Rule 3-1 requires a patentee to "serve on all parties a 'Disclosure of Asserted Claims and Infringement Contentions.'"  Infringement contentions must include, among other

3

things, "each accused apparatus, product, device, process, method, act, or other instrumentality . . . of each opposing party of which the party is aware" and, "[i]f a party claiming patent infringement wishes to preserve the right to rely . . . on the assertion that its own . . . apparatus, product, [or] device . . . practices the claimed invention, the party shall identify, separately for each asserted claim, each such apparatus, product, [or] device . . . that incorporates or reflects that particular claim." Patent L.R. 3-1(b), (g). "The purpose of the infringement and invalidity contentions required under the Patent Local Rules is to require the parties to crystallize their theories of the case early in the litigation in order to further the goal of full, timely discovery and provide all parties with adequate notice of an information with which to litigate their claims." *Unicorn Energy AG v. Tesla Inc.*, No. 21-cv-07476-BLF (SVK), 2023 WL 4670294, at *1 (N.D. Cal. July 19, 2023) (cleaned up).

A party may amend its infringement contentions "only by order of the Court upon a timely showing of good cause." Patent L.R. 3-6. The existence of good cause depends on "whether (1) the moving party was diligent in amending its contentions, and (2) the non-moving party would suffer prejudice if leave to amend were granted." *Impinj, Inc. v. NXP USA, Inc.*, No. 19-CV-03161-YGR, 2022 WL 2125133, at *1 (N.D. Cal. Mar. 4, 2022) (citations omitted).

### III. DISCUSSION

#### A. Motion for Leave to Amend

##### 1. The Moto G Stylus 5G (2025)

The court denies Largan's motion as the Moto G Stylus 5G (2025) because it is a late attempt to expand the litigation. This case has been pending for four years, including a 10-month stay pending IPRs. [Docket Nos. 70, 74.] With a limited exception, fact discovery closed 8 months ago. At the time Largan filed this motion, the parties had already submitted motions for summary judgment and *Daubert* motions, all of which are now fully briefed and set to be heard on November 21, 2025. [Docket Nos. 250, 255, 256, 258, 261, 321.] If any claims survive summary judgment, the parties will soon be preparing for trial.

Discovery must conclude at some point. *See Rembrandt Pat. Innovations LLC v. Apple Inc.*, No. C 14-05094 WHA, 2015 WL 8607390, at *3 (N.D. Cal. Dec. 13, 2015) ("It is time to prepare

for the trial of the already-accused products, which trial will begin on July 11, 2016. There must be some reasonable cut-off date after which Rembrandt cannot further expand the case simply because Apple's product cycle has outpaced the resolution of this case."). At this point, Largan cannot seek to amend its infringement contentions and reopen discovery every time it suspects Motorola has launched a new product that infringes the Asserted Patents; otherwise, parties could conceivably litigate a patent case indefinitely. *See also Adaptix, Inc. v. Amazon.com, Inc.*, No. 14-CV-01379-PSG, 2015 WL 4999944, at *1 (N.D. Cal. Aug. 21, 2015), *opinion clarified*, No. 14-CV-01379-PSG, 2016 WL 948960 (N.D. Cal. Mar. 14, 2016) (noting that "[n]ew products are now released not every few years, but every few months, weeks or even days.").

Moreover, Largan already accuses 29 Motorola products of infringement. [Docket No. 294 at 5.] To permit Largan to increase the number of accused products and expand the scope of the case at this late stage would be counterproductive in an already sprawling case. *See Richtek Tech. Corp. v. uPi Semiconductor Corp.*, No. C 09-05659 WHA, 2016 WL 1718135, at *3 (N.D. Cal. Apr. 29, 2016) ("[W]ith trial scheduled in December, it is time for the case to narrow, not expand."); *CyWee Grp. Ltd v. Apple Inc.*, No. 14-cv-01853-HSG (HRL), 2016 WL 7230865, at *3 (N.D. Cal. Dec. 14, 2016) (denying motion to amend infringement contentions to accuse two products released after service of operative contentions; "CyWee already accuses, by this court's count, 20 models of several types of Apple products. Fact discovery closes two weeks after the date of the hearing on this motion to amend, and trial is set to occur in August 2017."); *Apple, Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2012 WL 1067548, at *8 (N.D. Cal. Mar. 27, 2012) (denying motion to amend infringement contentions because "[t]he Court has reservations about adding a new product at this late date . . . . Moreover, in light of the significant discovery disputes that have already arisen, the Court is concerned that adding a new device at this point will disrupt the current case schedule.").

Although trial has not yet been scheduled, and Largan claims that it "is not seeking to delay any future Court-ordered dates" (Mot. at 12), this does not alter the court's analysis. Permitting amendment and reopening discovery for 90 days would inevitably delay trial, particularly if the parties were to seek summary judgment of infringement/noninfringement as to the Moto G Stylus

5

5G (2025).[2] Where, as here, a case is late in the proceedings, the better mechanism to address newly released, allegedly infringing products is through a new lawsuit. *See Richtek*, 2016 WL 1718135, at *3 ("Accordingly, Richtek may not add new products to this case, although it remains free to pursue claims based on those products (and any others it uncovers in discovery) in a subsequent proceeding."); *Catch a Wave Techs., Inc. v. Sirius XM Radio, Inc.*, No. C 12-05791 WHA, 2014 WL 186405, at *3 (N.D. Cal. Jan. 16, 2014) ("Plaintiff, of course, could file a new action alleging infringement of the Onyx Plus, but this action cannot include the Onyx Plus at this late date before trial" where "trial is set to begin in less than four months time[.]"); *Avocent Redmond Corp. v. Rose Elecs.*, No. C06-1711RSL, 2012 WL 4903278, at *3 (W.D. Wash. July 6, 2012) ("Because plaintiff could file a separate action asserting the new infringement contentions, the Court has also considered issues of judicial efficiency and economy under Fed.R.Civ.P. 1. This action has been pending for six years, and the expansion of the case to cover more products than can possibly be tried efficiently is counterproductive. Resolution of the infringement and invalidity contentions in this case may serve as a template for future actions. There is, however, no need to multiply and disrupt these proceedings at the very end of discovery simply to avoid the possibility of a new lawsuit.").

### 2.   "Other New Motorola Products"

The court also denies Largan's motion to "any other new Motorola products using the same main lens assembly." In addition to the reasons set forth above with respect to the Moto G Stylus 5G (2025), Largan's request is impermissibly vague. Largan does not identify any specific products, offer any evidence that suggests there are in fact additional Motorola products that use the accused lens assembly, or even include any parameters as to what constitutes a "new" product.

### B.   Sealing Motions

Motorola seeks to file under seal portions of its opposition and Largan's reply, as well as exhibits A and C to the Declaration of Matthew J. Meyer. The court rules as follows:

---

[2] Assuming, of course, the presiding judge would allow a second round of dispositive motions.

6

| Docket No. | Document | Portion(s) Sought to be Sealed | Ruling |
|---|---|---|---|
| Docket No. 313-3 | Defendant Motorola Mobility LLC's Response to Largan's Motion for Leave to Amend Its Infringement Contentions and Amend the Court's Scheduling Order to Allow Largan to Take Fact Discovery and Serve Supplemental Expert Reports | Yellow highlighted portions at page 1, lines 7–9; page 3, lines 6–9; and page 9, lines 16–17. | Granted |
| Docket No. 313-4 | Exhibit A - Defendant Motorola Mobility LLC's Fourth Amended Objections and Responses to Largan Precision Co. LTD's Seventh Set of Interrogatories, dated April 9, 2025 | Entirety | Denied without prejudice. The proposed redactions are not "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3). Portions of Exhibit A—such as the introduction, general statements, and general objections—do not contain confidential information and are clearly not subject to sealing.[3] |
| Docket No. 313-5 | Exhibit C - excerpts from the Deposition of Matt Biggerstaff, dated April 10, 2025 | Entirety | Denied without prejudice. The proposed redactions are not "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3). A review of the transcript shows that not every portion of it |

---

[3] This list is merely exemplary. The onus is on Motorola to determine which portions of Exhibits A and C warrant sealing.

7

| Docket No. | Document | Portion(s) Sought to be Sealed | Ruling |
|---|---|---|---|
| | | | contains confidential information. |
| Docket No. 317-1; *see* Docket No. 320 (statement of non-opposition) | Largan's Reply in Support of its Motion for Leave to: (1) Amend its Infringement Contentions to Include New Motorola Infringing Products; and (2) Amend the Court's Scheduling Order to Allow Largan to Take Fact Discovery and Serve Supplemental Expert Reports | Highlighted portion on page 7:12 | Granted |

## IV. CONCLUSION

For the reasons stated above, Largan's motion to amend its infringement contentions is denied, and its motion to reopen discovery is denied as moot.[4] The motion to consider whether another party's material should be sealed (Docket No. 313) is granted in part and denied in part. The motion to consider whether another party's material should be sealed (Docket No. 317) is granted. Within 7 days of this order, Motorola may file a renewed motion to file under seal that proposes narrowly tailored redactions. The court will not entertain requests for wholesale sealing.

**IT IS SO ORDERED.**

Dated: November 13, 2025

Donna M. Ryu
Chief Magistrate Judge

---

[4] Largan states that, "if the Court denies Largan's Motion, Largan still intends—and should be permitted—to introduce the New Product at trial to impeach Motorola's fact and expert witnesses' testimony and opinions regarding infringement, willful infringement, secondary considerations of nonobviousness (i.e., copying), and the lack of any non-infringing alternatives." Mot. at 4. The undersigned makes no ruling as to whether Largan can and/or should be permitted to introduce the Moto G Stylus 5G (2025) at trial, as the issue exceeds the scope of the discovery referral.